UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROGERS, individually,
and on behalf of all others similarly situated,
5124 Clavel Terrace
Rockville, MD 20853

      Plaintiff,

vs.                                                              **Class Action**

VIVINT SOLAR, INC.
a Delaware Corporation
1800 West Ashton Blvd.
Lehi, UT 84043

VIVINT SOLAR HOLDINGS, INC.
a Delaware Corporation
1800 West Ashton Blvd.
Lehi, UT 84043

VIVINT SOLAR DEVELOPER, LLC
a Delaware Limited Liability Company
1800 West Ashton Blvd.
Lehi, UT 84043

      Defendants.
_____/

## COMPLAINT
and
## JURY DEMAND

     This is a class action lawsuit alleging that the Defendants, Vivint Solar, Inc., Vivint

Solar Holding, Inc., and Vivint Solar Developer, LLC, violated the Telephone Consumer

Protection Act and implementing regulations by using an automatic telephone dialing

system ("ATDS"), an artificial voice, or a prerecorded voice when they called Plaintiff and

the putative class members in order to promote their solar energy business without

obtaining Prior Express Written Consent; or by calling Plaintiff and other putative class

1

members on the National Do-Not-Call Registry to promote their solar energy business without obtaining prior express invitation or permission evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed ("Requisite Do-Not-Call Permission").  Plaintiff, Darrell Rogers, on behalf of a class of persons similarly situated, seeks statutory damages for each violation.

## PRELIMINARY STATEMENT

1.     The Telephone Consumer Protection Act, as amended, 47 U.S.C. § 227 ("TCPA"), is a consumer protection statute that confers on plaintiffs the right to be free from certain harassing and privacy-invading conduct, including, but not limited to, placing calls using an ATDS, an artificial voice, or a prerecorded voice; or to persons and entities on the National Do-Not-Call Registry; and authorizes an award of damages whenever a violation occurs.  The TCPA provides a private right of action and statutory damages for each violation.  Congress and the Federal Communications Commission ("FCC") created the TCPA and its implementing regulations in response to immense public outcry about unwanted telemarking and advertising robocalls and telephone solicitations.

2.     Plaintiff, Darrell Rogers, individually and on behalf of all others similarly situated, sues the Defendants for their actions that violate the TCPA, which they benefited from, and which arise from calls placed to Plaintiff and the putative class members in order to advertise the commercial availability or quality of; or encourage the purchase or rental of; Defendants' solar energy business ("Solar Calls").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3), 47 U.S.C. § 227(c)(5), and 28 U.S.C.  § 1331.

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, as the June 14, 2018, Solar Call, as defined below, was placed from a phone number with a 202 area code to Plaintiff's cell phone, which has a 202 area code, and was answered by Plaintiff while he was in the District of Columbia.

## PARTIES

5.      Plaintiff, Darrell Rogers, owns and maintains a cell phone with a 202 area code and uses it in the District of Columbia regularly.  Plaintiff successfully registered this phone number with the National Do-Not-Call Registry on August 7, 2010.  On June 14, 2018, Plaintiff was in the District of Columbia when he received and answered one of Defendants' Solar Calls (the "June 14, 2018, Solar Call").

6.      Defendant, Vivint Solar, Inc. offers distributed solar energy — electricity generated by a solar energy system installed at or near customers' locations — to residential customers.

7.      Defendant Vivint Solar Holdings, Inc. offers solar energy products to residential customers.

8.      Defendant, Vivint Solar Developer, LLC, sells, services, and maintains solar energy products and systems.

## GENERAL ALLEGATIONS

9.      On June 14, 2018, Defendants placed the June 14, 2018, Solar Call to Plaintiff's cell phone, while he was in the District of Columbia.  The call came from a number with a 202 area code.

10.     Plaintiff answered the phone and was greeted by a prerecorded or artificial voice noting that he could be eligible to save money on his home energy bills by getting solar panels installed on his home and receive government credits to assist with the cost.

11.     After the prerecorded or artificial voice finished, a woman who identified herself as Leanna came on the line.

12.     After Plaintiff inquired, Leanna indicated that she was calling from "Smart Home Solar".  Leanna then asked Plaintiff questions about his energy bills and his home. She then told Plaintiff that he would likely qualify to have low or no cost solar panels installed on his home.  After asking additional questions about Plaintiff's finances and credit, Leanna then offered to set up an appointment.

13.     Plaintiff recalls having received other calls similar to the June 14, 2018, Solar Call.

14.     Upon information and belief, Defendants placed other Solar Calls to Plaintiff during the preceding 12-month period.

15.     Upon information and belief, Defendants used an ATDS, artificial voice, or a prerecorded voice to place the Solar Calls to Plaintiff and other persons and entities.

16.     Upon information and belief, Defendants placed the Solar Calls to Plaintiff and other persons and entities on the National Do-Not-Call Registry.

17.     In order to investigate who was behind this marketing scheme, Plaintiff accepted Leanna's offer, and set up an appointment.

18.     On June 20, 2018, a male person driving a black Toyota Prius wrapped with an advertisement for vivint.Solar arrived at Plaintiff's home.  The male person indicated that his name was Seth Bringhurst and said that he worked for Vivint Solar.  Mr, Bringhurst was wearing a shirt with the name Vivint on it in orange lettering.  Mr. Bringhurst gave Plaintiff a business card and a pamphlet that both contained the words "Vivint Solar."

19.     Plaintiff asked Mr. Bringhurst who "Smart Home Solar" was, as that was the name of the company that was provided to him during the June 14, 2018, Solar Call. Mr. Bringhurst responded that Smart Home Solar is a company that generates sales leads, and that Mr. Bringhurst uses Smart Home Solar for that purpose.

20.     Mr. Bringhurst conducted an inspection, asked Plaintiff questions, and otherwise touted the products and services of Defendants.

21.     Mr. Bringhurst told Plaintiff that he had been employed by Vivint Solar for over ten years, and has worked for Vivint Solar in multiple cities.

22.     Mr. Bringhurst provided Plaintiff with his business card that says vivint.Solar on one side, and included the Vivint Solar website address, and Mr. Bringhurst's email address at vivintsolar.com.

23.     Mr. Bringhurst also provided Plaintiff with a brochure with the name vivint.Solar printed on the bottom.  On the back, Mr. Bringhurst's name and phone number is written in under "sales representative", and the name vivint.Solar is printed, along with the website, phone number, and Utah address for Vivint Solar, Inc.  There is also a Copyright symbol printed with Defendant Vivint Solar, Inc.'s name and the year 2017.  At

the bottom, licensing information is provided and attributed to Defendant Vivint Solar Developer, LLC.

24.     Prior to leaving, Mr. Bringhurst asked Plaintiff to sign a form permitting Defendant Vivint Solar Developer, LLC to obtain Plaintiff's consumer credit report.

25.     On June 20, 2018, Plaintiff received an email from "Vivint Solar Team" noting that its sales representative had recently spoken with him, and asking that Plaintiff confirm his email address.

26.     Pursuant to the TCPA and its implementing regulations, calls placed using an artificial voice, or a prerecorded voice, that include or introduce an advertisement or constitute telemarketing may not be placed to persons or entities whose telephone numbers have been assigned to a cellular telephone service or a residential line without obtaining Prior Express Written Consent.

27.     Pursuant to the TCPA and its implementing regulations, calls placed using an ADTS that include or introduce an advertisement or constitute telemarketing may not be placed to telephone numbers that have been assigned to a cellular telephone service without obtaining Prior Express Written Consent.

28.     Pursuant to the TCPA and its implementing regulations, 47 C.F.R. 64.1200(f)(8), Prior Express Written Consent is defined as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered," and which must include a clear and conspicuous disclosure

which states that "By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice."

29.     However, Defendants placed the Solar Calls without obtaining the Prior Express Written Consent of Plaintiff or the other putative class members.

30.     Pursuant to the TCPA and its implementing regulations, telephone solicitations may not be placed to persons and entities that are registered with the National Do-Not-Call Registry at least 30 days prior to being called more than once within a 12-month period, and without obtaining prior express invitation or permission evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed.

31.     However, Defendants placed the Solar Calls despite the fact that Plaintiff's and other putative class members' phone numbers were on the National Do-Not-Call Registry, and without obtaining the Requisite Do-Not-Call Permission of Plaintiff or the other putative class members.

32.     By placing the Solar Calls without Prior Express Written Consent or Requisite Do-Not-Call Permission, Defendants harmed Plaintiff and the members of the putative class by: (1) wasting their time; (2) causing the risk of personal injury due to interruption and distraction; (3) forcing them to incur charges; (4) depleting a cell phone's or wireless phone's battery, resulting in increased electricity costs; (5) intrusion upon and occupation of the capacity of a cell phone or wireless phone; (6) causing the risk of personal

injury due to interruption and distraction; and (7) shifting the cost of adverting to them in violation of the TCPA.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action as a class action, pursuant to Rule 23(a) and 23(b)(3), Federal Rules of Civil Procedure, for statutory damages on behalf of himself and a class of all persons similarly situated.

34. Plaintiff brings this class action pursuant to the TCPA, and is a member of, and seeks to represent, a class of persons and entities ("Plaintiff Class") defined as:

"All persons and entities whose telephone numbers were called by Defendants, or others on their behalf, on or after July 1, 2014, where:

1) Defendants initiated a call using an artificial voice, or a prerecorded voice, to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service or residential line; and (iii) where Defendants failed to obtain Prior Express Written Consent from those persons and entities called; or

2) Defendants initiated a call using an ATDS to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iii) where Defendants failed to obtain Prior Express Written Consent from those persons and entities called; or

3) Defendants initiated more than one call within a 12-month period (i) to persons and entities who were registered with the National Do-Not-Call Registry for at least 30 days prior to being called; (ii) encouraging the purchase or rental of property, goods, or services; (iii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iv) where Defendants failed to obtain Requisite Do-Not-Call Permission from those persons and entities called."

35.   <u>Class Size (Fed. R. Civ. P. 23(a)(1))</u>: Plaintiff avers that the proposed class is in excess of 50 persons. The class size is so numerous that joinder of all members is impracticable.

36.   <u>Commonality (Fed. R. Civ. P. 23(a)(2))</u>: There are questions of law and fact common to all members of the class.  Common material questions of fact and law include, but are not limited to, the following:

a.   whether Defendants (or another on their behalf) used an ATDS to place the Solar Calls to Plaintiff and other members of the class;

b.   whether the Solar Calls included an artificial voice;

c.   whether the Solar Calls included a prerecorded voice;

d.   whether the Solar Calls constitute advertisements;

e.   whether the Solar Calls constitute telemarketing;

f.   whether the Solar Calls constitute telephone solicitations;

g.   whether Defendants violated the Telephone Consumer Protection Act and its implementing regulations by using (or having another on their behalf use) an ATDS to place the Solar Calls to Plaintiff and the class members without obtaining Prior Express Written Consent;

h.   whether Defendants violated the Telephone Consumer Protection Act and its implementing regulations by using (or having another on their behalf use) an artificial voice in conjunction with the Solar Calls placed to Plaintiff and the class members without obtaining Prior Express Written Consent;

i.   whether Defendants violated the Telephone Consumer Protection Act and its implementing regulations by using (or having another on their behalf use) a

prerecorded voice in conjunction with the Solar Calls placed to Plaintiff and the class members without obtaining Prior Express Written Consent;

j.   whether Defendants violated the Telephone Consumer Protection Act and its implementing regulations by placing (or having another on their behalf place) the Solar Calls to Plaintiff and the class members where the numbers called were registered with the National Do-Not-Call Registry at least 30 days prior to being called more than once within a 12-month period, without obtaining Requisite Do-Not-Call Permission;

k.   whether Plaintiff and the other members of the class are entitled to statutory damages; and

l.   whether Plaintiff and the other members of the class are entitled to treble damages.

37.   Typicality (Fed. R. Civ. P. 23(a)(3)): The claims of the named Plaintiff are typical of the claims of all members of the class.  Plaintiff alleges that Defendants placed the same Solar Calls to Plaintiff and the other class members.  Plaintiff raises questions of fact and law common to the class members.  They share the common injuries of: (1) wasting the consumer's time; (2) causing the risk of personal injury due to interruption and distraction; (3) forcing the consumer to incur charges; (4) depleting a cell phone's or wireless phone's battery, resulting in increased electricity costs; (5) intrusion upon and occupation of the capacity of a cell phone or wireless phone; (6) causing the risk of personal injury due to interruption and distraction; and (7) shifting the cost of adverting to the consumer in violation of the TCPA.  Defendants have acted the same or in a similar manner with respect to each class member.

38.     <u>Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4))</u>: The named Plaintiff will fairly and adequately represent and protect the interests of the class members. Plaintiff is committed to this cause, will litigate it vigorously, and is aware of the fiduciary duties of a class representative.  Plaintiff's interests are consistent with and not antagonistic to the interests of the other class members.  Plaintiff has a strong personal interest in the outcome of this action and has retained experienced class counsel to represent his and the other class members.

39.     Class Counsel is experienced in class action litigation and has successfully litigated class claims.

40.     <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>: A class action is superior to all other available methods for the fair and equitable adjudication of the controversy between the parties.  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a.   proof of Plaintiff's claims will also prove the claims of the class members without the need for separate or individualized proceedings;

b.   evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come from Defendants' records (or that of their agents who placed the Solar Calls) and will not require individualized or separate inquiries or proceedings;

c.   Defendants have acted and may be continuing to act pursuant to common policies or practices by placing the Solar Calls to Plaintiff and the class members;

11

d.   the amount likely to be recovered by individual class members does not support individual litigation;

e.   a class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

f.   this case is inherently manageable as a class action in that:

    i.   Defendants or their agent(s) identified the persons or entities to place the Solar Calls to and it is believed that Defendants' computer and business records, or those of their agents, will enable the Plaintiff to readily identify class members and establish liability and damages;

    ii.   liability and damages can be established for the Plaintiff and for the class members with the same common proofs;

    iii.   statutory damages for violations of the TCPA are the same for each class member;

    iv.   a class action will result in an orderly and expeditious administration of claims and will foster economics of time, effort and expense;

    v.   a class action will contribute to uniformity of decisions concerning Defendants' practices; and

    vi.   as a practical matter, the claims of the class members are likely to go unaddressed absent class certification.

**Count 1**
**Claim for Relief for Violations of the TCPA**

41.     Plaintiff reasserts and incorporates herein by reference the averments set forth in paragraphs 1 through 40, above.

42.     Plaintiff brings this action against the Defendants for sending Solar Calls to himself and to members of the Plaintiff Class in violation of the TCPA and its implementing regulations.

43.     Defendants violated the TCPA and implementing regulations 47 C.F.R. § 64.1200(a), by initiating or authorizing the placement of the Solar Calls to the phone numbers of Plaintiff and the members of the Plaintiff Class without receiving Prior Express Written Consent.

44.     Defendants violated the TCPA and implementing regulation 47 C.F.R. § 64.1200(c), by initiating or authorizing the placement of the Solar Calls to the phone numbers of Plaintiff and the members of the Plaintiff Class where such persons and entities were registered with the National Do-Not-Call Registry at least 30 days prior to being called by Defendants more than once within a 12-month period, and without obtaining Requisite Do-Not-Call Permission from Plaintiff or members of the Plaintiff Class.

45.     The named Plaintiff and members of the Plaintiff Class are entitled to $1,500 for each violation of each of the Solar Calls that violated 47 C.F.R. § 64.1200(a) and $1,500 for each of the Solar Calls that violated 47 C.F.R. § 64.1200(c) that was placed to them willfully or knowingly.

46.     In the alternative, the named Plaintiff and members of the Plaintiff Class are entitled to $500 for each violation of each of the Solar Calls that violated 47 C.F.R. §

64.1200(a) and $500 for each of the Solar Calls that violated 47 C.F.R. § 64.1200(c) that was negligently placed to them.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants and request an order:

A.  certifying this action as a class action pursuant to Rule 23, appointing Plaintiff Darrell Rogers as the representative of the members of the class defined above, and appointing the undersigned as counsel for the members of the class;

B.  finding that Defendants caused the Solar Calls to be placed to Plaintiff and to each class member in violation of the TCPA and its implementing regulations;

C.  finding that Defendants are liable to pay statutory damages of $1,500 for each violation of each of the Solar Calls that violated 47 C.F.R. § 64.1200(a) and $1,500 for each of the Solar Calls that violated 47 C.F.R. § 64.1200(c) that was knowingly and willfully placed to Plaintiff and each class member;

D.  finding that, in the alternative, Defendants are liable to pay statutory damages of $500 for each violation of each of the Solar Calls that violated 47 C.F.R. § 64.1200(a) and $500 for each of the Solar Calls that violated 47 C.F.R. § 64.1200(c) that was negligently placed to Plaintiff and to each class member;

E.  entering a judgment in favor of the Plaintiff as representative of the members of the class for the total amount of statutory penalties plus pre-judgment interest and allowable costs;

F.  requiring Defendants to pay a court appointed trustee the full amount of the penalties, interest and costs to be distributed to the class members after deducting costs and fees as determined by the Court;

G.  awarding equitable reasonable attorneys' fees and costs incurred in connection in this action and an incentive bonus to Plaintiff, to be deducted from the total amount of penalties, interest and costs before the pro-rata amounts are distributed by the trustee for the class members; and

H.  granting such other relief as may be appropriate.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues that can be heard by a jury.

Respectfully submitted,

Shawn A. Heller, Esq.
D.C. Bar No. 985899
shawn@sjlawcollective.com
Social Justice Law Collective, PL
974 Howard Ave.
Dunedin FL 34698
Tel: (202) 709-5744

By:   _s/ Shawn A. Heller_
         Shawn A. Heller