**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DARRELL ROGERS, | : | |
| Individually and on behalf of others similarly situated | : | Case No. 1:18-cv-01567 |
| Plaintiff, | : | |
| vs. | : | |
| VIVINT SOLAR, INC., *et al.*, | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANTS VIVINT SOLAR INC., VIVINT SOLAR HOLDINGS, INC. AND VIVINT SOLAR DEVELOPER, LLC TO COMPLAINT
### (JURY DEMAND ENDORSED)

Defendants Vivint Solar, Inc., Vivint Solar Holdings, Inc. and Vivint Solar Developer, LLC (collectively "Defendants") hereby answer Plaintiff Darrell Rogers' Class Action Complaint as follows:

1. The allegations contained in paragraph 1 are ones to which no response is required. To the extent a response is deemed necessary, Defendants deny they violated the Telephone Consumer Protection Act ("TCPA").

2. The allegations contained in paragraph 2 are ones to which no response is required. To the extent a response is deemed necessary, Defendants deny they violated the TCPA.

3. Defendants admit the Court retains Federal Question jurisdiction over TCPA claims but deny the remaining allegations contained in paragraph 3.

4. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 regarding Plaintiff's allegations of fact related to venue, and therefore deny the same.

5. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 5, and therefore deny the same.

6. Defendants deny the allegations contained in paragraph 6.

7. Defendants deny the allegations contained in paragraph 7.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9.

10. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 10, and therefore deny the same.

11. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 11, and therefore deny the same.

12. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 12, and therefore deny the same.

13. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 13, and therefore deny the same.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 17, and therefore deny the same.

18. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 18, and therefore deny the same.

19. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 19, and therefore deny the same.

20. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 20, and therefore deny the same.

21. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 21, and therefore deny the same.

22. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 22, and therefore deny the same.

23. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 23, and therefore deny the same.

24. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 24, and therefore deny the same.

25. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 25, and therefore deny the same.

26. The allegations contained in paragraph 26 are ones to which no response is required. To the extent a response is deemed necessary, Defendants deny they violated the TCPA.

27. The allegations contained in paragraph 27 are ones to which no response is required. To the extent a response is deemed necessary, Defendants deny they violated the TCPA.

28. The allegations contained in paragraph 28 are ones to which no response is required. To the extent a response is deemed necessary, Defendants deny they violated the TCPA.

29. Defendants deny the allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 are ones to which no response is required. To the extent a response is deemed necessary, Defendants deny they violated the TCPA.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. The allegations contained in paragraph 33 are ones to which no response is required. To the extent a response is deemed necessary, Defendants deny they violated the TCPA and deny that this matter is proper for class-based adjudication.

34. The allegations contained in paragraph 34 are ones to which no response is required. To the extent a response is deemed necessary, Defendants deny they violated the TCPA, deny that this matter is proper for class-based adjudication and deny that Plaintiff is a member of any of the proposed classes.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38.

39. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 39, and therefore deny the same.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants restate and incorporate by reference as if fully rewritten herein the above statements and averments in response to paragraph 41.

42. The allegations contained in paragraph 42 are ones to which no response is required. To the extent a response is deemed necessary, Defendants deny they violated the TCPA.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief for which he prays. Defendants pray that Plaintiff's Class Action Complaint be dismissed with prejudice, and award Defendants the costs of this action and expenses, including reasonable attorneys' fees.

## JURY DEMAND

Defendants endorse Plaintiff's request that this matter be tried by jury.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred to the extent it purports to bring claims on behalf of any individuals other than Darrell Rogers because he is the only named Plaintiff and the Complaint fails to state a claim for class action certification under Fed. R. Civ. P. 23.

3. Plaintiff's claims are barred, in whole or part, by the applicable statute of limitations.

4. Plaintiff lacks standing to bring this action because he has not suffered an injury-in-fact as a result of any conduct by Defendants.

5. Plaintiff failed to join necessary and/or indispensable parties.

6. Plaintiff is not the real party in interest.

7. The imposition of statutory damages against Defendants under the TCPA would violate the Due Process Provision of the United States Constitution.

8. Plaintiff's claims are barred to the extent they are untimely under the applicable statutes of limitations.

9. Plaintiff's claims are barred to the extent he is not a called party within the meaning of the TCPA.

10. Plaintiff's claims are barred because any calls alleged to have violated the TCPA occurred with prior consent.

11. Plaintiff's claims are barred because the alleged call or calls were not placed by the Defendants, Defendants' agent, or any other entity for which Defendants may be vicariously liable under the TCPA.

12. Plaintiff has an established business relationship with one or all Defendants.

13. Defendants acted in good faith, and has established procedures, to avoid any violations of the law. Any violations of the law were the result of a bona fide error.

14. Defendants did not place any calls to Plaintiff using equipment that falls within the definition of an automatic telephone dialing system contained in 47 U.S.C. §227(a)(1).

15. Defendants did not place any calls to Plaintiff using an artificial or prerecorded voice as those terms are used in 47 U.S.C. §227.

16. Plaintiff's claims are barred to the extent that any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of Plaintiff or the purported class members.

17. Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver, estoppel and equity.

18. To the extent there was any violation of the TCPA by Defendants, which Defendants deny, Defendants shall be liable for no more than a $500.00 penalty as Plaintiff has not sustained any actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B).

19. To the extent there was any violation of the TCPA by Defendants, which Defendants deny, Defendants shall be liable for no more than a $500.00 penalty as Defendants deny that they willfully or knowingly violated the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

20. Claims of the putative classes are barred, in whole or part, by the applicable statute of limitations.

21. The putative classes should not be certified because the case would be unmanageable if the classes as defined by the Complaint were to be certified.

22. The putative classes should not be certified because common issues of law and fact do not exist as required by Fed. R. Civ. P. 23(a)(2).

23. The putative classes should not be certified because the claims of Plaintiff are not typical as required by Fed. R. Civ. P. 23(a)(3).

24. The putative classes should not be certified because the claims of Plaintiff is not an adequate class representative as required by Fed. R. Civ. P. 23(a)(4).

25. The putative classes should not be certified because common questions of law and fact do not predominate as required by Fed. R. Civ. P. 23(b)(3).

26. The putative classes should not be certified because individual questions of law and fact predominate over issues common to the putative classes.

27. A class action should not be certified because it is not the superior method to adjudicate this controversy because the facts and circumstances of each putative class member differ.

28. Plaintiff's Complaint should be dismissed because it improperly seeks to certify individualized claims for money relief under Fed. R. Civ. P. 23(b)(2).

WHEREFORE, Defendants respectfully request that the Court dismiss the Plaintiff's Class Action Complaint with prejudice, and award Defendants the costs of this action and expenses, including reasonable attorneys' fees.

Dated: July 27, 2018

        Respectfully submitted,

        By:  */s/ Bezalel A. Stern*
        Steven A. Augustino
        D.C. Bar No. 439987
        Bezalel A. Stern
        D.C. Bar No. 1025745
        KELLEY DRYE & WARREN LLP
        3050 K Street, NW, Suite 400
        Washington, D.C. 20007
        Telephone: (202) 342-8400
        Fax: (202) 342-8451
        Email: saugustino@kelleydrye.com
        Email: bstern@kelleydrye.com

        Helen M. Mac Murray
        *(pending DC Admission)*
        Ohio Bar No. #38782
        Mac Murray & Shuster, LLP
        6530 West Campus Oval, Ste. 210
        New Albany, Ohio 43054
        Telephone:  (614) 939-9955
        Fax: (614) 939-9954
        Email:  hmacmurray@mslawgroup.com

        *Attorneys for Defendants Vivint Solar, Inc., et al.*