## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among Darrell Rogers (hereinafter "Plaintiff" or "Class Representative"), individually and on behalf of a settlement class of similarly situated persons (hereinafter "Settlement Class"), and Defendants, Vivint Solar, Inc., Vivint Solar Holdings, Inc., and Vivint Solar Developer, LLC ("Defendants") (collectively the "Parties").

**WHEREAS**, Plaintiff, individually and on behalf of the Settlement Class, and Defendants, are parties to a civil action entitled *Darrell Rogers, et al. v. Vivint Solar, Inc., et al.*, Case No. 1:18-cv-01567, pending in the United States District Court for the District of Columbia (hereinafter the "Action" or the "Litigation"); and

**WHEREAS**, Plaintiff, individually and on behalf of a class of similarly situated persons, filed the putative class action complaint (the "Complaint") dated July 1, 2018.  Plaintiff alleged in his Complaint that Defendants violated the Telephone Consumer Protection Act ("TCPA"), and the regulations promulgated under the TCPA, by using an automatic telephone dialing system ("ATDS"), an artificial voice, or a prerecorded voice when they called Plaintiff and the putative class members in order to promote their solar energy business without obtaining Prior Express Written Consent; or by calling Plaintiff and other putative class members that are registered with the National Do-Not-Call Registry at least 30 days prior to being contacted more than once within a 12-month period to promote their solar energy business without obtaining Requisite Do-Not-Call Permission; and

**WHEREAS**, Defendants deny these allegations, deny all liability for the claims made in the litigation, and further deny violating the TCPA and the regulations promulgated under the TCPA; and;

**EXHIBIT 1**

**WHEREAS**, the Parties have engaged in extensive discovery on Plaintiff's allegations over the past twelve months, including as follows:

(i)      On September 6, 2018, the parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

(ii)     On July 27, 2018, Defendants filed an answer to plaintiff's Complaint.

(iii)    On September 18, 2018; October 8, 2018; and February 19, 2019; Plaintiff served multiple rounds of written discovery requests on Defendants, including requests for production of documents, interrogatories, and requests for admissions, seeking discovery concerning every aspect of the merits of and issues of class certification pertaining to his claims.   Defendants thereafter served objections and responses to Plaintiff's discovery requests.

(iv)     On December 12, 2018, Defendants served written discovery requests on Plaintiff, seeking various materials pertaining to his claims and on Defendants' defenses thereto.   Plaintiff thereafter served objections and responses to Defendants' discovery requests.

(v)      Plaintiff thereafter served subpoenas on multiple relevant third parties.

(vi)     Over the course of the next few months, the Parties then took the depositions of dozens of current and former representatives of Defendants and multiple representatives of the third-party lead generator that placed the robocalls at issue.

(vii)    On October 22, 2018; November 1, 2018; February 19, 2019; and April 24, 2019, the Parties participated in discovery hearings conducted by this Court at which the Parties vigorously argued disputes that had arisen throughout discovery and which could not be resolved through informal conferral between the Parties; and

**WHEREAS**, the Parties engaged in arms' length negotiations for a comprehensive resolution of this litigation.   These negotiations included informal settlement discussions between

counsel, a formal all-day mediation in Chicago before a retired judge who has significant experience regarding the litigation and settlement of claims brought under the TCPA, and several months of continuing negotiations between counsel following formal mediation; and

**WHEREAS**, although the day-long formal mediation did not result in a final resolution of all claims, the Parties reached a framework for resolution believed by them to be a fair settlement of this dispute after significant additional efforts by counsel and the mediator; and

**WHEREAS**, following a competitive bidding process in which the Parties procured multiple estimates for each of three experienced claims administration companies, followed by thorough reviews and analyses of the estimates, the Parties selected Kurtzman Carson Consultants, LLC ("KCC") as the proposed Settlement Administrator; and

**WHEREAS**, Defendants continue to deny all liability for the claims made in the Litigation, deny violating the TCPA, 47 U.S.C. § 227, and the regulations promulgated under the TCPA, deny all liability for any calls made by outside third-party lead generators on their behalf, which Defendants contend were made without Defendants' knowledge or consent, and maintain that if this case were to be litigated, it would not be appropriate for class treatment; and

**WHEREAS**, Defendants, solely to avoid the inconvenience and expense of further litigation, have agreed to settle all claims, demands, and liabilities between Defendants, Plaintiff and the Settlement Class, including all claims that have been asserted, or could have been asserted, in the Litigation; and

**WHEREAS**, the Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.  This Agreement is inadmissible as evidence against any of the Parties except to enforce the terms of this Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement.  The

Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein; and

WHEREAS, Defendants agree to pay $975,000 to fund a non-reversionary common fund that shall be used to pay class members who submit valid claims as further defined herein, to pay requested fees and reasonable costs to Plaintiff's counsel (hereinafter "Class Counsel"), to pay a requested incentive award to Plaintiff as Class Representative, and to pay the costs of the Settlement Administrator, Kurtzman Carson Consultants, for notifying the Settlement Class and administering the Settlement Fund; and

WHEREAS, Plaintiff and Class Counsel have concluded that the terms and conditions provided in this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving this Litigation, after considering (1) the benefits the Settlement Class will receive under this Settlement; (2) the fact that Defendants have demonstrated that it will vigorously oppose the claims asserted in the Litigation if the Settlement is not approved; and (3) the attendant risks, costs, uncertainties, and delays of litigation;

NOW, THEREFORE, the Parties hereby stipulate and agree that the claims of Plaintiff and the Settlement Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1. **Definitions.**

1.1    As used herein, the following terms have the meanings set forth below:

1.2    "Action" or "Litigation" means the civil action brought by Plaintiff, Darrell Rogers, against Defendants, Vivint Solar, Inc., Vivint Solar Holdings, Inc., and Vivint Solar Developer, LLC entitled *Darrell Rogers, et al. v. Vivint Solar, Inc., et al.*, Case No. 1:18-cv-01567, pending in the United States District Court for the District of Columbia.

1.3    "Agreement" or "Settlement Agreement" means this Settlement Agreement,

including all attached and/or incorporated exhibits.

1.4     "Approved Claim" means a claim submitted by a Claimant to the Settlement Administrator that is: (a) received by the Settlement Administrator or postmarked on or before the Claims Deadline; (b) fully and truthfully completed by a Claimant with all information requested in the Claim Form, and in accordance with the instructions set forth on the Claim Form and Settlement Website; (c) signed by the Claimant, physically or electronically; and (d) approved by the Settlement Administrator pursuant to the provisions of this Agreement as a valid claim eligible to receive payment from the Settlement Fund under this Agreement and the Final Approval Order and Judgment.

1.5     "Approved Claimant" means a Claimant who submits an Approved Claim.

1.6     "Claims Deadline" means the date that shall be sixty (60) days after the Notice Date.

1.7     "Claim Form" means the document to be submitted by a Claimant seeking payment pursuant to this Settlement, substantially in the form of Exhibit A attached hereto, or the form on the Settlement Website available for Settlement Class Members to submit claims, the form and material components of which shall be consistent with the document depicted in Exhibit A attached hereto.

1.8     "Claimant" means a Person who submits a Claim Form.

1.9     "Class Counsel" means Peter Bennett and Richard Bennett of Bennett & Bennett, and Shawn A. Heller of the Social Justice Law Collective.

1.10    "Class Notice" means collectively the types of notice that have been or will be provided to the Settlement Class pursuant to this Agreement and any additional notice that might be ordered by the Court, including but not limited to the Postcard Notice and the Long Form Notice

attached hereto as <u>Exhibit B</u> and <u>Exhibit C</u>.

1.11    "Class Period" means the period from July 1, 2014 through the Preliminary Approval Date.

1.12    "Court" means the United States District Court for the District of Columbia and the presiding judge, the Honorable Trevor N. McFadden.

1.13    "Complaint" means the Class Action Complaint filed in the Action.

1.14    "Defendants" mean Vivint Solar, Inc., Vivint Solar Holdings, Inc., and Vivint Solar Developer, LLC., as well as officers, directors, shareholders, employees, predecessors, affiliates, parents, subsidiaries, partners, distributors, principals, insurers, administrators, agents, servants, successors, trustees, vendors, subcontractors, buyers, independent contractors, attorneys, representatives, heirs, executors, experts, consultants, and assigns of all of the foregoing entities who initiated and/or sent voice calls to the Settlement Class that related in any way to Vivint Solar, Inc., Vivint Solar Holdings, Inc., and Vivint Solar Developer, LLC.

1.15    "Defense Counsel" means Defendant's counsel of record in the Action, Kelley Drye & Warren LLP and Mac Murray & Shuster LLP.

1.16    "Postcard Notice" or the "Short Form Notice" means the written notice that Settlement Administrator will send on a postcard by U.S. Mail to those approximately 112,000 Settlement Class members for whom the Parties' records presently contain a corresponding address, and which will substantially be in the form reflected in <u>Exhibit B</u> attached hereto.

1.17    "Effective Date" is defined in Paragraph 14.

1.18    "Escrow Account" is defined in Paragraph 16.2.

1.19    "Final Approval Hearing" means the final hearing, held after the Preliminary Approval Date, and no sooner than 120 days after the Preliminary Approval Date and sixty (60)

days after the Notice Date, such that Settlement Class Members have had reasonable notice and sufficient opportunity to object or to exclude themselves from the Settlement, at which the Court will determine whether to finally approve the Settlement and to enter Judgment.

1.20    "Final Approval Order and Judgment" means the order, substantially in the form of Exhibit E attached hereto, in which the Court grants final approval of this Settlement Agreement and finally certifies the Settlement Class, and constitutes a final judgment of dismissal of the Action with prejudice.   The form of the Final Approval Order and Judgment is a material term of this Settlement Agreement, however the fact that the Court may require non-substantive changes in the Final Approval Order will not invalidate this Agreement or the Settlement.

1.21    "Litigation" means the Action, or specifically, the legal proceedings in the Action.

1.22    "Long Form Notice" means the notice that shall be made available on the Settlement Website in the form attached hereto as Exhibit C.

1.23    "Notice Date" means the date by which the Class Notice is first disseminated pursuant to the Notice Plan, which shall be thirty (30) days after the Preliminary Approval Date.

1.24    "Notice Plan" means the plan of disseminating to Settlement Class Members notice of the proposed Settlement and of the Final Approval Hearing, as approved by the Court, pursuant to Paragraph 8.

1.25    "Objection Deadline" means the date sixty (60) days after the Notice Date by which any objections to the Settlement must be filed.

1.26    "Opt-Out Deadline" means the date sixty (60) days after the Notice Date by which any request to be excluded from the Settlement must be filed.

1.27    "Parties" means, collectively, Plaintiff Darrell Rogers and Defendants Vivint

7

Solar, Inc., Vivint Solar Holdings, Inc., and Vivint Solar Developer, LLC.

1.28   "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's heirs, predecessors, successors, representatives, and assigns.

1.29   "Plaintiff" or "Representative Plaintiff" means Darrell Rogers.

1.30   "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

1.31   "Preliminary Approval Order" means the Order, substantially in the form of Exhibit D attached hereto, in which the Court grants its preliminary approval to this Settlement Agreement and preliminarily certifies the Settlement Class, authorizes dissemination of Class Notice to the Settlement Class, and appoints the Settlement Administrator.   The form of the Preliminary Approval Order is a material term of this Settlement Agreement, however the fact that the Court may require non-substantive changes in the Preliminary Approval Order will not invalidate this Agreement or the Settlement.

1.32   "Released Claims" is defined in paragraph 17.

1.33   "Released Parties" means Defendants, as well as Defendants' counsel; past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; successors and predecessors and their past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates; all entities with which Defendants contracted with or engaged to initiate and/or send voice calls or from which to obtain telephone numbers; and for each of the foregoing Persons, each of their past, present, or future officers, directors, shareholders, owners, employees, representatives, agents, principals, partners, members, administrators, legatees,

executors, heirs, estates, predecessors, successors, or assigns.

        1.34   "Releasing Parties" means: (a) Representative Plaintiff; (b) Settlement Class Members who do not timely opt out of the Settlement Class; (c) to the extent that a Settlement Class Member is not an individual, all of its present former, and future predecessors, successors, assigns, parents, subsidiaries, joint ventures, and affiliates, and all employees, agents, representatives, consultants, independent contractors, insurers, directors, officers, partners, principals, members, attorneys, accountants, financial advisors, investors, investment bankers, underwriters, shareholders, lenders, and auditors of any of the foregoing Persons; and (d) to the extent the Settlement Class Member is an individual, any present, former, and future heirs, executors, estates, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns of each of them, and any other representative of any of the foregoing Persons.

        1.35   "Settlement" means the settlement set forth in this Agreement.

        1.36   "Settlement Administration Costs" means any and all fees and costs incurred in administering the Settlement, including but not limited to, the fees and costs of disseminating all Class Notice, administering and maintaining the Settlement Website, and other such costs associated with delivering payment to Settlement Class Members, but specifically excluding payments for Approved Claims, attorneys' fees, costs, expenses, and incentive award to the Representative Plaintiff.

        1.37   "Settlement Administrator" means KCC.

        1.38   "Settlement Class" is defined in Paragraph 3.

        1.39   "Settlement Class Member" means a Person who falls within the definition of the Settlement Class and who does not opt out of the Settlement as set forth in Paragraph 13.1.

        1.40   "Settlement Fund" is defined in Paragraph 7.

1.41   "Settlement Website" means the website that will be established and maintained by the Settlement Administrator pursuant to Paragraph 8.

1.42   "Settling Parties" means, collectively, Defendants, the Representative Plaintiff, and all Settlement Class Members.

1.43   "Taxes" means: (a) all federal, state, or local taxes of any kind on any income earned on the Settlement Fund; and (b) the reasonable expenses and costs incurred by the Settlement Administrator in connection with determining the amount of, and paying, any taxes owed on interest accrued on the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

1.44   "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any regulations or rulings promulgated under it.

1.45   The plural of any defined term includes the singular, and the singular of any defined term includes the plural.

1.46   When a deadline or date falls on a weekend or a legal Court holiday, the deadline or date shall be extended to the next business day that is not a weekend or legal Court holiday.

**2.**   **Settlement**.  This Agreement is entered into to resolve in full all claims against the Defendants by Plaintiff and the Settlement Class that have been asserted, or could have been asserted, in the Litigation.  The assertions, statements, agreements and representations made herein are for purposes of settlement only and the Parties expressly agree that, if the Settlement is not finally approved or rescinded pursuant to Paragraph 19, below, this Agreement is null and void and may not be used by any of the Parties for any reason.

**3.**     **The Settlement Class**.  For purposes of settlement, the Parties agree to certify the following Settlement Class:

> All persons and entities whose telephone numbers were called by third parties that marketed solar energy products and services on behalf or for the benefit of Defendants on or after July 1, 2014 until the date of Preliminary Approval where:
>
>> (1) The third-party initiated a call using an artificial voice, or a prerecorded voice, to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service or residential line; and (iii) where the third-party failed to obtain Prior Express Written Consent from those persons and entities called; or
>>
>> (2) The third-party initiated a call using an ATDS to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iii) where the third-party failed to obtain Prior Express Written Consent from those persons and entities called; or
>>
>> (3) The third-party initiated more than one call within a 12-month period (i) to persons and entities who were registered with the National Do-Not-Call Registry for at least 30 days prior to being called; (ii) encouraging the purchase or rental of property, goods, or services; (iii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iv) where the third-party failed to obtain Requisite Do-Not-Call Permission from those persons and entities called.

The calls referenced in the class definition shall be collectively referred to as "Covered Calls."

Excluded from the Settlement Class are Defendants, any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants and the immediate family members of such persons, the named counsel in this litigation, and any member of their office and/or firm.

**4.**     **Representation of the Settlement Class**.   The Parties agree that the Plaintiff, Darrell Rogers, may be appointed as the Class Representative, and that attorneys Peter Bennett and

Richard Bennett of Bennett & Bennett, and Shawn A. Heller of the Social Justice Law Collective, may be appointed as Class Counsel.

**5.**     **The Settlement Administrator.**     Defendants shall engage KCC to serve as the Settlement Administrator.  KCC shall be responsible for all matters relating to the administration of this Settlement, as set forth below.  Those responsibilities include, but are not limited to:

5.1     administering the Settlement Class notice as set forth in Paragraph 8 below;

5.2     assisting in all matters pertaining to claim forms, such as helping class members in completing claim forms and payment of claims described below, as well as receiving the claim forms;

5.3     tracking and providing notice to the Parties for any Person opting out of the Settlement Class;

5.4     responding to class members' inquiries, with the Parties having the right to review and approve any scripts or template correspondence to be used by KCC for such purposes;

5.5     determining whether a Settlement Class Member has submitted a valid and timely Claim Form, as Claimants shall have no right to appeal this determination;

5.6     determining which individual or entity is entitled to recovery in the event there are multiple claims for a single telephone number, as only one claimant may recover for a particular telephone number;

5.7     providing  a list of accepted and rejected claims to counsel for the Parties at the request of any Party at any time during the administration process, including, upon request, providing copies of all claim forms and backup documentation and information to counsel for the Parties;

5.8     making all determinations regarding whether claims are approved within 30

days of the deadline for claims to be submitted to KCC; and

        5.9     preparing and providing a declaration to Defendants' counsel and Class Counsel that will (i) attest the compliance with the provisions of this Settlement Agreement related to Class Notice and the disbursement of and accounting pertaining to the Settlement Fund; (ii) listing each Settlement Class Member who timely and validly opted out of the Settlement; and performing any other tasks reasonably required to effectuate the Settlement.

      All fees and costs of KCC, including the costs associated with providing notice to the Settlement Class, shall be paid by Defendants out of the Settlement Fund as defined in Paragraph 7, below.  If the Court declines to preliminarily or finally approve the Agreement or either Party exercises a rescission right pursuant to this Agreement, Defendants shall remain responsible for any costs of administration expended as of the date of termination as well as any additional costs, including those incurred in providing any termination notice, and if KCC determines that any refund is due from the funds advanced by Defendants for administration, those funds shall be returned to Defendants.

      **6.**    <u>**Preliminary Approval and Class Notice**</u>.  The Parties will file a joint motion for entry of an order preliminarily approving this Settlement, certifying the Settlement Class, and approving Class Notice.  The Parties will request that the Court enter an "Order Preliminarily Approving Class Action Settlement and Approving Class Notice" in the form attached hereto as Exhibit D ("Preliminary Approval Order"), and a "Notice of Class Action Settlement" and "Claim Form" in the form attached hereto as Exhibits A, B and C ("Claim Form" and "Class Notice").  If the Court declines to grant preliminary approval of the Settlement and order notice with respect to the proposed Settlement Class, or if the Court declines to grant final approval to the foregoing after

such notice and hearing, this Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Agreement and Settlement will not be approved.

**7.** **The Settlement Fund**.   Defendants, solely for the purposes of settlement and without admitting or conceding any fault, wrongdoing or liability, and in order to avoid the inconvenience and expense of further litigation, have agreed to the establishment of a non-reversionary $975,000 common fund that will be used to make class member claimant payments, and pay notice and administration costs, requested attorneys' fees, costs, and expenses, and a requested incentive award to the named plaintiff.   As full and complete compromise of all Released Claims, Defendants shall deposit $975,000.00 into an interest bearing account held by the Settlement Administrator within 30 days after entry of the Final Approval Order by the Court.   The funds paid into the Settlement Fund shall be paid out as set forth in this Agreement.   If the Court declines to preliminarily or finally approve the Agreement or either Party exercises a rescission right pursuant to this Agreement, the Settlement Administrator shall, within 14 days of that event, provide Defendants with the remaining funds in the Settlement Fund.

**8.** **Notice**.   The Parties agree that with the assistance of experienced settlement administrator KCC, they will give notice of the settlement to Settlement Class members through both nationwide media and publication notice as well as direct notice that will be sent by first-class U.S. Mail to those identifiable from records obtained in discovery.

*i.   Direct Notice*

The Parties agree that within 30 days of the granting of preliminary approval by the Court, KCC will send the Class Notice on a postcard by U.S. Mail to those approximately 112,000 Settlement Class members for whom the Parties' records presently contain a corresponding address, as well as those Settlement Class members whose address KCC is able to identify through a

"Reverse Append" address look-up of their telephone number and comparison with the U.S. Post Office's National Change of Address database.  The Parties agree that the Class Notice shall contain a proof of claim form to be returned by Settlement Class members in order to qualify for payment, directs Settlement Class members to a website application where they can alternatively submit a proof of claim form in order to qualify for electronic payment, and provides contact information for toll-free customer service support.  The Parties agree that the Settlement Class members will have 60 days from the date the Class Notice is sent to return the proof of claim form, file objections, or opt out of the Settlement.

    *ii.*     *Media and Publication Notice*

The Parties further agree to a robust, nationwide media and publication notice program.  The Parties will ensure that, within thirty (30) days of the granting of preliminary approval by the Court, KCC supplements the direct notice described above with Internet banner ads that target adults, age 18 and over, nationwide on both desktop and mobile devices via the Google Display Network and the social media platform Facebook.  The Parties agree that these ads will run for a one-month period, and are targeted to generate 340 million impressions, sufficient to achieve notice reach to over 70% of potential Settlement Class members.

In addition, the Parties agree that KCC will send an informational press release at the beginning of the media outreach campaign to local, national, and syndicated news organizations, delivering information regarding the Settlement to numerous print, broadcast, and online press outlets.

Finally, the Parties agree that KCC will establish a settlement website with downloadable case documents, including the detailed notice, online claims filing, frequently asked questions with responses, contact information for Class Counsel and KCC, and other pertinent information.  The

Parties further agree that a link to the settlement website will be disseminated in both the direct notice and the media and publication notice described above.

The Parties agree that the Settlement Class members will have 60 days from the date that the media and publication notice campaign begins to return the proof of claim form.  The exact deadline will be posted on the Settlement Website.

**9.**      **Proof of Claim**.  A class member must submit a timely and valid Claim Form to receive a share of the Settlement Fund.  KCC will send each member of the Settlement Class who submits a timely and valid Claim Form a *pro rata* distribution of all amounts remaining in the Settlement Fund, after the deduction of fees and costs as outlined in this Agreement.  Claim Forms will be due within 60 days from the date Class Notice is sent, on or before the date stated on the Class Notice (hereinafter the "Claims Period").  Any member of the Settlement Class who does not submit a timely and valid proof of claim form to KCC by the expiration of the Claims Period will receive no monetary payment from the Settlement Fund.  Within thirty (30) days after the expiration of the Claims Period, KCC will inform Defendants and Class Counsel of the total number of valid and approved claims submitted, and the total amount necessary to fund the payment of the valid and approved claims.

9.1      **Claims Processing.** The Settlement Administrator shall apply the terms of this Settlement Agreement and the requirements set forth in the Claim Form in processing all Claim Forms that are submitted.  KCC shall determine, in the first instance, whether a Class Member has submitted a valid and timely Claim Form.  The Settlement Administrator also shall employ reasonable procedures to screen claims for abuse, fraud, or duplication, and shall promptly make Defense Counsel and Class Counsel aware of any evidence of abuse, fraud, or duplication.  Counsel for the Parties will have 14 days from the date that KCC informs the Parties of the total number of

valid and approved claims submitted to dispute any Approved Claim, and to provide its reasoning for dispute in writing to the Settlement Administrator.  The ultimate determination of whether to reject or accept the claim will be made by KCC. The Parties, the Released Parties, and their respective counsel shall have no responsibility or liability whatsoever for the Settlement Administrator's conduct, omissions, or actions.

KCC may assist class members in the completion of Claim Forms and is empowered to respond to class members' inquiries for that purpose.  If KCC rejects a claim for any reason other than timeliness, it will provide the proof of claim form and reason for rejection to Class Counsel and counsel for Defendants.  Counsel for the Parties will have 14 days to dispute the reasons for the rejection, and to provide its reasoning for dispute in writing to the Settlement Administrator.  The ultimate determination of whether to reject or accept the claim will be made by KCC.  If a Claim Form is deficient, KCC shall notify the Claimant and identify the reason(s) for the deficiency.  The claimant must either correct any error identified and re-file, or, if he wishes to dispute the rejection, must submit a signed, written notice contesting KCC's determination.  That written contest must be submitted and postmarked within 14 days from the postmark date of the deficiency letter and mailed to KCC.  The final determination will be left to KCC.

**10.**  **Approval Process.**

10.1    On or before November 5, 2019, the Parties shall submit this Settlement Agreement together with its Exhibits to the Court and request that the Court grant preliminary approval of the Settlement, issue a Preliminary Approval Order, and schedule a Final Approval Hearing on whether the Settlement should be granted final approval (collectively hereinafter, the "Motion for Preliminary Approval").

10.2    In the Motion for Preliminary Approval, the Parties shall request that the Court allow for a period of no less than 120 days between entry of the Preliminary Approval Order

and the Final Approval Hearing.

10.3    If the Motion for Preliminary Approval is granted, the Parties shall request that the Court grant final approval of the Settlement and enter a Final Approval Order and Judgment, in the form attached hereto as Exhibit E, in accordance with the date set by the Court for the Final Approval Hearing.

10.4    The fact that the Court may require non-substantive changes in the Final Approval Order will not invalidate this Agreement or the Settlement.

10.5    If the Final Approval Order is reversed, vacated, overturned, or rendered void by any court, this Agreement shall terminate and be of no force or effect, except as otherwise set forth in this Agreement, unless the Parties voluntarily agree to modify this Agreement in the manner necessary to obtain Court approval.  In the event of any such termination after Defendants have paid any funds in furtherance of the Settlement Fund in accordance with this Agreement, the entire Settlement Fund shall belong to Defendants.

**11.    Procedures for Objecting to the Settlement**

11.1    Settlement Class Members shall have the right to appear and show cause if they have any reason why the terms of this Agreement should not be given final approval, subject to each of the sub-provisions contained in this section.  Any objection to this Settlement Agreement, including any of its terms or provisions, must be in writing and mailed to Class Counsel, Defense Counsel, and the Clerk of the Court at the addresses set forth in the Class Notice, postmarked no later than the Objection Deadline.  Settlement Class Members may object either on their own or through an attorney hired at their own expense.

11.2    Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Darrell Rogers, et al. v. Vivint Solar, Inc., et al., Case No. 1:18-cv-01567*" and also shall contain the following information: (i) the

18

objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector or any other person otherwise assisting the objector or who otherwise stands to potentially benefit financially with respect to such objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member, including the date(s) and telephone number(s) at which he or she received one or more telephone call(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and/or the objector's attorney or any other person assisting with such objection (if applicable) has objected to a proposed class action settlement in the past five (5) years.  If an objecting party chooses to appear at the Final Approval Hearing, then by no later than the Objection Deadline, a notice of intention to appear, either in person or through an attorney, shall be filed with the Court and list the name, address, and telephone number of the person and/or any attorney who will appear.

11.3    A Settlement Class Member who appears at the Final Approval Hearing, either personally or through counsel, may be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Settlement Class Member. No Settlement Class Member shall be permitted to raise matters at the Final Approval Hearing that the Settlement Class Member could have, but failed to, raise in his/her written objection, and all objections to the Settlement Agreement that are not set forth in a timely and validly submitted written objection will be deemed waived.

11.4    If a Settlement Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection.  Failure to identify witnesses or provide copies

19

of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing.  The Representative Plaintiff or Defendants or both may take discovery regarding any objector, their attorney (if applicable), and the basis of any objection, to the same extent that discovery could otherwise have been sought from a party to the Action.

11.5    Any Settlement Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning any objection that he or she may have shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, shall be precluded from seeking review of this Agreement by appeal or other means, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Litigation.  By filing an objection, objectors and their counsel submit to the jurisdiction of the Court for all purposes, including but not limited to subpoenas and discovery.

## 12.    Motion for Final Approval and Right to Respond to Objections

12.1    The Parties shall move for final approval of the Settlement no later than ten (10) days prior to the Final Approval Hearing.

12.2    Class Counsel and the Parties shall have the right, but not the obligation, to respond to any objection no later than ten (10) days prior to the Final Approval Hearing.  The Party so responding shall file a copy of the response with the Court, and shall serve a copy, by hand or overnight delivery, to the objector (or any counsel for the objector).

## 13.    Opt-Outs

13.1    Any putative Settlement Class Member who does not wish to participate in this Settlement must write to the Settlement Administrator stating an intention to be "excluded" from this Settlement.  This written request for exclusion must be sent via first class United States

mail to the Settlement Administrator at the address set forth in the Class Notice and postmarked no later than the Opt-Out Deadline.  A request for exclusion must be signed by the putative Settlement Class Member, and must include such individual's name, address, and the telephone number that allegedly received a call sent by or on behalf of Defendant during the Settlement Class Period, and must clearly state that the Person wishes to be excluded from the Litigation and this Settlement and the Settlement Agreement.  A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid, and the Person serving such a request shall be a member of the Settlement Class and shall be bound as a Settlement Class Member by the Court's Orders in this Litigation and by this Agreement, if approved.  The request for exclusion must be personally signed by the Person seeking to be excluded.  So-called "mass" or "class" opt-outs shall not be allowed.

13.2    Any Person in the Settlement Class who submits a request for exclusion may not file an objection to the Settlement, and any such purported objection filed by a Person in the Settlement Class who has requested exclusion shall be deemed a nullity.  If a Settlement Class Member submits a written request for exclusion pursuant to Paragraph 13.1 above, he or she shall be deemed to have complied with the terms of the opt-out procedure and shall not be bound by the Agreement if approved by the Court.

13.3    After Class Notice is disseminated, the Parties shall request and seek to obtain from the Court a Final Approval Order and Judgment, which will (among other things):

(i)     find that the Court has personal jurisdiction over the Parties and that the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits hereto;

(ii)    approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; direct the Parties and their counsel to implement and consummate

21

the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiff and the Releasing Parties with respect to the Released Claims;

(iii)     find that the Class Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the civil procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(iv)     dismiss the Litigation (including all individual claims and Settlement Class Member claims asserted therein) on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement and as ordered by the Court; incorporate the Releases set forth above in Paragraph 8, make those Releases effective as of the date of the Final Approval Order and Judgment, and

(v)     forever discharge the Released Parties as set forth herein; permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction related to the Released Claims.

**14.**     **Effective Date**.  The "Effective Date" of this Agreement shall be the calendar date that is 5 business days after the later of (a) the date on which the Court enters a Final Approval Order, dismissing with prejudice the claims of all Settlement Class members who do not properly exclude themselves as provided in the Class Notice; or (b) if any Settlement Class member has objected to the Settlement, the date on which the date for filing an appeal has expired or, if an appeal has been filed, the date on which the Settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

**15.**     **Incentive Award and Attorneys' Fees**.  Subject to the Court's approval, Plaintiff shall request to be awarded $20,000 from the Settlement Fund for his role as Class Representative and shall request that Class Counsel be paid attorneys' fees in the amount of $325,000, an amount equivalent to 1/3 of the Settlement Fund, and their out-of-pocket expenses (which, as of the date of this Agreement, are $27,160.74, and are expected to increase modestly through the date of Final Approval), an accounting of which will be sent by Class Counsel to Defendants and KCC prior to the Effective Date.  The awarded amounts will be set forth in the Final Approval Order and shall be paid from the Settlement Fund in accordance with Paragraph 16, below. Defendants have agreed not to contest the amounts designated above in this Section.

**16.**     **Payment of Claims, Incentive Award and Class Counsel Fees.**

16.1    Defendants agree to create the Settlement Fund by depositing cash on a non-reversionary basis in the total amount of $975,000.00 (the "Settlement Fund Amount") into the Escrow Account (defined below).

16.2    Defendants shall within thirty (30) business days after the entry of the Final Approval Order and Judgment deposit the Settlement Fund Amount into an escrow bank account (the "Escrow Account"), to be created and administered by KCC pursuant to the terms of this Agreement. The Escrow Account shall be held in a "qualified settlement fund" (as set forth below) in an interest-bearing bank account at a commercial bank with excess capital exceeding One Hundred Million Dollars and No Cents ($100,000,000.00), with a rating of "A" or higher by S&P and in an account that is fully insured by the United States Government or the FDIC.

16.3    The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. All Taxes shall be paid out of the Escrow Account. Defendants, Defense Counsel, the Representative Plaintiff and Class Counsel

shall have no liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold Defendants, Defense Counsel, the Representative Plaintiff, and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

16.4    For the purpose of the Internal Revenue Code and the Treasury regulations thereunder, KCC shall be designated as the "administrator" of the Settlement Fund.  The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described in the previous paragraph) shall be consistent with this paragraph and in all events shall reflect that all taxes (including the Taxes, any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

16.5    The Settlement Administrator shall not disburse any portion of the Settlement Fund except as provided in this Agreement and with the written agreement of Class Counsel and Defense Counsel or by order of the Court.

16.6    All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement or further order of the Court.

16.7    Within fifteen (15) days of the Preliminary Approval Date, Defendants will disburse to the Settlement Administrator any necessary costs to be used by the Settlement Administrator for preliminary Settlement Administration Costs, including the costs to complete the Class Notice, establish and maintain the Settlement Website, as well as any other initial administration costs to the Parties.  To the extent that additional Settlement Administration Costs

are incurred after this initial payment, but before the tenth day after entry of the Final Approval Order, the Settlement Administrator may bill, and Defendants shall pay, such additional costs.  For any costs of Settlement Administration that are paid by Defendants, Defendants shall receive a credit against the total Settlement Fund Amount required to be paid to create the Settlement Fund.

      16.8    All Settlement Administration Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to the written approval of Defendants (by its counsel) and Class Counsel, pursuant to the terms set forth in this Agreement.

      16.9    Within fifteen (15) days after the Effective Date, the Settlement Administrator will pay from the Settlement Fund the appropriate amounts to the Settlement Class members who submitted timely and valid claims; the Incentive Award to Plaintiff by check made out to "Darrell Rogers;" and Class Counsel their Fees and Costs by wire transfer to the Bennett & Bennett operating bank account.  If payment is made to any Settlement Class member via check, such check will be void 181 days after issuance.  If after 181 days from the issuance of the payments, any funds remain in the Settlement Fund, provided sufficient funds remain in the Settlement Fund to allow for a second distribution after deducting KCC's costs of a second distribution, those funds shall be divided *pro rata* by the number of Settlement Class members who successfully received payment and a second round of payment shall be issued to these Settlement Class members.  In the unlikely event that any funds remain after 181 days from the issuance of the second round of payments, those funds shall be deposited into District of Columbia District Court's Registry.  Such payments constitute full and final payment to the Settlement Class, Class Counsel and Plaintiff.  KCC shall provide the Parties a final accounting of all settlement payments within 60 days after the second round of payment is issued.

**17.** **Releases**.  Subject to and effective upon entry of the Final Approval Order, all members of the Settlement Class who do not opt out of the proposed Settlement Class as required in the Class Notice, for and in consideration of the terms and undertakings outlined in the attached Agreement, the sufficiency and fairness of which are acknowledged, release and forever discharge Defendants (and each of their current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, managers, shareholders, members, partners, employees, predecessors, successors, assigns, agents and attorneys) from any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses, and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, that have been, could have been, or in the future might be asserted, that arise out of or relate to the Covered Calls described above, including, but not limited to, the claims asserted in the Litigation ("Released Claims").

**18.** **Notices**.  Requests for exclusion, objections to the Agreement or Settlement, and notices to the Parties or the Settlement Class shall be sent and/or copied to KCC at the contact information they provide and counsel for the Parties as follows:

Richard Bennett, Esq.
Co-Counsel for Settlement Class
Attn.: Vivint Solar Settlement
Bennett & Bennett
1200 Anastasia Avenue, Office 360
Coral Gables, FL 33134

Steven A. Augustino, Esq.
Attorney for Defendants
Attn.: Vivint Solar Settlement
Kelley Drye & Warren LLP
3050 K Street, NW
Suite 400
Washington, DC 20007

**19.**     **Termination of Agreement.**.   The Representative Plaintiff and Defendants will each have the right to unilaterally terminate this Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

19.1    the Court rejects, materially modifies, materially amends or changes, or expressly declines to issue a Preliminary Approval Order or a Final Approval Order and Judgment in the course of adjudicating any request to approve the Settlement Agreement;

19.2    an appellate court reverses the Final Approval Order and Judgment and the Settlement Agreement is not reinstated without material change by the Court on remand;

19.3    any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or the Settlement Agreement in any material way, including the denial of either of the requested amounts described in paragraph 15 or the grant of either request in an amount less than what was applied for, unless such modification or amendment is accepted in writing by all Parties;

19.4    the Effective Date does not occur;

19.5    Defendants and Plaintiff may exercise their right to terminate if more than 5,600 Settlement Class Members opt out; or

19.6    any other ground for termination provided for elsewhere in this Agreement occurs.

**20.**     **Revert To Status Quo If Representative Plaintiff Or Defendants Terminate**.   If either Representative Plaintiff or Defendants terminate this Agreement as provided in Paragraph 19, the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and

any orders entered by the Court in connection with this Agreement will be vacated.  However, any payments made to the Settlement Administrator for services rendered to the date of termination will not be refunded to Defendants.

21.     **Integration Clause**.   This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied upon for any purpose.  This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by acknowledged written consideration.

22.     **Headings**.   Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

23.     **Binding and Benefiting Others**.   This Agreement shall be binding upon and inure to the benefit or detriment of the Parties and the Releasors, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, heirs, executors, assigns, and successors in interest.

24.     **Representations and Warranties**.   The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.  Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

28

25.     **Governing Law**.  The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the District of Columbia, without regard to its conflict of laws and/or choice of law provisions.

26.     **Mutual Interpretation**.  The Parties agree and stipulate that this Agreement was negotiated on an "arm's-length" basis between parties of equal bargaining power.  This Agreement has been drafted jointly by Class Counsel and counsel for the Defendants.  Accordingly, this Agreement is not one of adhesion, is mutually created, and no ambiguity shall be construed in favor of or against any of the Parties.  Plaintiff and Class Counsel acknowledge but do not concede to or agree with Defendants' statements regarding the merits of the claims, and Defendants acknowledge, but do not concede to or agree with Plaintiff's statements regarding the merits of the claims.

27.     **No Admission of Liability**.  Defendants deny any liability or wrongdoing of any kind associated with the alleged claims in the Action.  Defendants have denied and continue to deny each and every material factual allegation and all claims asserted against them in the Action.  Nothing in this Settlement Agreement will constitute an admission of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing in this Settlement Agreement will constitute an admission by Defendants that the Action is properly brought on a class or representative basis, or that classes may be certified, other than for settlement purposes.  To this end, the Settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal, or administrative proceeding in any court, arbitration forum,

administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

28.    **Incorporation of Recitals**.    Each of the Recitals stated above are hereby incorporated into this Settlement Agreement as if stated fully herein.

29.    **Counterparts**.    This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument.   Facsimile and electronic signatures shall bind the Parties to this Agreement as though they are original signatures.

30.    **Severability**.    In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within 20 days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

31.    **Continuing Jurisdiction**.    Without affecting the finality of the final judgment, the Court shall retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the Settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement; the order preliminarily approving the Settlement, the Final Approval Order and final judgment, the award of fees and expenses, and the distribution of settlement proceeds to the Settlement Class.   Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: <u>11/4/19</u>

Darrell Rogers, on behalf of himself and the Settlement Class
**Plaintiff**

By: _Darrell Rogers_____
      Darrell Rogers


DATED: _____

Vivint Solar, Inc., Vivint Solar Holdings, Inc., and Vivint Solar Developer, LLC
**Defendants**


By: _____
      Dana Russell
      Chief Financial Officer and
      Executive Vice President

31

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the date set forth beside their respective signatures.

DATED: _____            Darrell Rogers, on behalf of himself and the
                                           Settlement Class
                                           **Plaintiff**


                                           By: _____
                                                Darrell Rogers


DATED: November 4, 2019                    Vivint Solar, Inc., Vivint Solar Holdings, Inc.,
                                           and Vivint Solar Developer, LLC
                                           **Defendants**


                                           By: _____
                                                Dana Russell
                                                Chief Financial Officer and
                                                Executive Vice President

31

4848-5970-9612v.2

*Darrell Rogers, et al. v. Vivint Solar, Inc., et al.*

United States District Court for the District of Columbia, Case No. 1:18-cv-01567

## Online Claim Form

**If you are a Settlement Class Member, you must submit a completed Claim Form on this webpage on or before [insert date] to receive a payment from the Settlement.  If you would like to send a paper claim form by mail instead, it must be postmarked on or before [insert date] and sent to the address provided at the bottom of this Claim Form.**

Please carefully read the full notice of this Class Action Settlement (available for download at [INSERT WEBSITE]) before completing and submitting this Claim Form.

**CLAIMANT INFORMATION**

Provide your name and contact information below.  It is your responsibility to notify the Settlement Administrator of any changes to your contact information after you submit your Claim Form by sending an e-mail to [insert KCC e-mail address].

Only one claim may be submitted per person.

Please click **here** for information on how to receive payment via electronic means.  If you wish to receive payment via check, our settlement paper paycheck, to be paid in U.S. dollars, will be sent to your postal address listed below.  Checks must be deposited into a bank account or cashed at a bank by the expiration date on the check (180 days after the issuance date stated on the check); after a check expires, it may no longer be deposited or cashed.

_____          _____
FIRST NAME                                LAST NAME

_____
STREET ADDRESS
(If you choose to receive payment via check, your check will be mailed to the address you provide above.)

_____     _____     _____
CITY                                STATE            ZIP CODE

_____
CURRENT TELEPHONE NUMBER

_____
 NUMBER AT WHICH YOU RECEIVED CALLS RELATING TO VIVINT'S PRODUCTS

_____
EMAIL ADDRESS

Exhibit A

**CLAIMANT CERTIFICATION**

By submitting this Claim Form, I certify that I received one or more calls from third parties on behalf of Vivint Solar, marketing Vivint's products, on or after July 1, 2014 on the telephone number I provided above, without my permission.

Signature:   _[Typed for online version]_____

| Agree and Submit Online |
| --- |

Your claim will be submitted to the Settlement Administrator for review. Please keep a copy of your submitted Claim for your records by printing a copy of the page you are directed to after you click the "Agree and Submit Online" button above.  You will also receive an e-mail confirmation sent to the e-mail address provided above.

If you would like to submit your Claim Form by mail instead, please complete all of the form fields above, click **here** to print a copy of your completed Claim Form, and then mail your printed Claim Form to:

> KCC, LLC
> [Insert KCC Mailing Address]

You will receive your payment within 30 days after the Settlement's Effective Date, as described in the Settlement Agreement and Release, which is available at **[INSERT WEBSITE]**.  This process takes time, please be patient.

## OFFICIAL COURT-APPROVED LEGAL NOTICE

***Darrell Rogers, et al. v. Vivint Solar, Inc., et al.***
United States District Court for the District of Columbia, Case No. 1:18-cv-01567

**A Court authorized this notice.**
**You are not being sued. This is not a solicitation from a lawyer.**

**If you received one or more calls  after July 1, 2014 relating to the marketing of Vivint Solar's energy products and services, you could receive a cash payment from a class action lawsuit**

**For complete information and details, visit [insert website address].**

A proposed settlement has been reached in a class action lawsuit called *Darrell Rogers, et al. v. Vivint Solar, Inc., et al.*, pending in the U.S. District Court for the District of Columbia.  The lawsuit alleges that telephone calls were placed by Vivint, or from a third party generating leads for Vivint, that violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 ("TCPA"), because the caller did not have consent from the parties being called. Vivint maintains that it did not place unauthorized telephone calls, the lawsuit is without merit, and Vivint was prepared to vigorously defend all aspects of it.  The proposed settlement is not an admission of wrongdoing or an indication that any law has been broken.

**How do I know if I am a part of the settlement?** You are receiving this Notice because records indicate that you may meet the below criteria, and may be a member of the Settlement Class.  The Settlement Class includes all individuals in the United States, who, after July 1, 2014, without providing prior express written consent, were called by third parties using an artificial voice or prerecorded message that marketed solar energy products and services on behalf of, or for the benefit of, Vivint Solar, Inc., or where an individual's phone number was listed on the National Do Not Call Registry and the third party placed more than one call to the registered number during a 12 month period.   Certain class members may have received a call from someone identifying themselves as being from "Smart Home Solar," followed by a call or home visit from a Vivint Solar salesperson after providing their contact information.

**How much money will I receive from the settlement?** Class Counsel estimates you will receive between $40 and $100 if you submit a Valid Claim, but the amount will depend on the number of Settlement Class Members who submit Valid Claims. If the Court approves the settlement, Vivint will create a $975,000.00 Settlement Fund, from which eligible Settlement Class Members may receive a single payment. The Settlement Fund also covers administration fees, requested attorneys' fees equal to one-third of the Settlement Fund ($325,000), and a requested incentive award of up to $20,000 to the Class Representative for his services as Settlement Class Representative. The Settlement Fund will be divided and distributed equally – sometimes referred to as "pro rata" – to all Settlement Class Members who submit a valid claim form.

**How to receive payment?**   To receive a payment, you must submit a Claim Form. You may submit the Claim Form electronically at  [insert website address]. Alternatively you may complete and return the attached Claim Form by U.S. Mail to the following address: [insert KCC address].  **All Claim Forms must be postmarked or submitted online by [insert Claims Filing Deadline]**.  You may only submit one Claim Form.  If you choose to be paid by electronic payment, your Claim Form must be submitted online at the website address above.  If you choose to be paid by check, your settlement check will be mailed to the postal address you identify on the Claim Form.  Checks may be deposited in a bank account or cashed at a bank by the expiration date on the check (180 days after the issuance date stated on the check); after a check expires, it may no longer be deposited or cashed.

**What are my options?** You can do nothing, submit a Claim Form, or object or exclude yourself from the settlement. If you do nothing or submit a Claim Form, your rights will be affected. You won't be able to sue Vivint in a future lawsuit about the claims addressed in the settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by sending a signed written request for exclusion mailed to [insert KCC address] Any request for exclusion must be personally signed, and must include your name, address, the relevant telephone number, and must clearly state that you wish to be excluded from the Settlement.  If you exclude yourself, you will receive no payment from the Settlement, but you will retain the ability to sue Vivint Solar, Inc. later.  If you do not like the Settlement, you may object to it, but only if you do not exclude yourself.  Objections must contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector or any other person otherwise assisting the objector or who otherwise stands to potentially benefit financially with respect to such objection; (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member, including the date(s) and telephone number(s) at which he or she received one or more telephone call(s) covered by this Settlement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit in which the objector and/or the objector's attorney or any other person assisting with such objection (if applicable) has objected to a proposed class action settlement in the past five (5) years.

***All Requests for Exclusion and Objections must be postmarked by [opt-out deadline].***

**Do I have a lawyer?**  Yes. The Court has appointed Peter Bennett and Richard Bennett of Bennett & Bennett, 1200 Anastasia Avenue, Office 360, Coral Gables, FL  33134 and Shawn Heller of the Social Justice Law Collective, 974 Howard Avenue, Dunedin, FL 34698 as "Class Counsel." They represent you and other Settlement Class Members. There's no charge to you for their services.  You can hire your own lawyer, but you'll need to pay your own legal fees. Darrell Rogers is the Representative Plaintiff, and the Court has appointed him to represent the Settlement Class.

**When will the Court approve the settlement?** The Court will hold a final approval hearing on [date] at [time] at the United States District Court for the District of Columbia, 333 Constitution Avenue N.W., Courtroom 2, Washington, D.C. 20001. The

Exhibit B

Court will hear any objections, determine if the settlement is fair and should be approved. You may appear at the hearing, either yourself or through an attorney hired by you, but you are not required to do so.

***Visit the Settlement Website at [insert website] for complete information.***

**OFFICIAL COURT-APPROVED LEGAL NOTICE**

***Darrell Rogers, et al. v. Vivint Solar, Inc., et al.***
United States District Court for the District of Columbia, Case No. 1:18-cv-01567

**If you received one or more calls after July 1, 2014 relating to the marketing of Vivint Solar's energy products and services, you could receive a cash payment from a class action lawsuit.**

A Court authorized this notice.
You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.

- A settlement has been reached in an alleged class action lawsuit about whether third parties who marketed solar energy products and services on behalf of Vivint Solar called persons who did not consent to receiving such calls. Vivint Solar is referred to as the "Defendant."

- Those included in the Settlement who file valid claim forms will be eligible to receive a payment from the Settlement Fund, which is $975,000.00 total. If the Court grants final approval of the settlement, this fund will be used to pay valid claims, class administration costs, attorneys' fees, and an incentive award to the named Plaintiff.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY [INSERT CLAIM FILING DEADLINE]** | The **only** way to receive a payment from the Settlement Fund. By participating in the settlement, you will be bound by the terms of the Settlement Agreement and will give up certain rights. |
| **EXCLUDE YOURSELF BY [INSERT DEADLINE]** | You will receive no benefits, but you will retain any rights you currently have to sue Vivint about the issues in this case. Your request to exclude yourself must be postmarked by [insert deadline], and must comply with the requirements set forth in this Notice. |
| **OBJECT BY [INSERT DEADLINE]** | Write to the Court and explain why you do not like the Settlement. Your objection must be postmarked by [insert deadline], and must comply with the requirements set forth in this Notice. |
| **ATTEND A HEARING ON [INSERT FINAL APPROVAL HEARING DATE]** | You or your attorney may speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You **will not** get a share of the Settlement Fund and will give up your rights to sue Vivint about the issues in this case. |

**Exhibit C**

These rights and options – and the deadlines to exercise them – are explained in this Notice.  For complete details, view the Settlement Agreement at [insert website] or call [KCC number].

## BASIC INFORMATION

| 1. What is this notice? |
| --- |

A Court directed that this notice be sent because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. This Notice summarizes the lawsuit, the proposed Settlement, and your legal rights.

The case is known as *Darrell Rogers, et al. v. Vivint Solar, Inc., et al.*, Case No. 1:18-cv-01567, filed in the United States District Court for the District of Columbia.  Mr. Rogers, the person who sued, is called the Plaintiff/Settlement Class Representative.  The company he sued, Vivint Solar, Inc. (and affiliates) are called the Defendants.

For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at [insert website], by contacting the Settlement Administrator at [insert KCC phone number], contacting class counsel Shawn Heller at Social Justice Law Collective, 974 Howard Avenue, Dunedin, FL 34698, (202) 709-5744 or Richard Bennett at Bennett & Bennett, 1200 Anastasia Ave, Office #360, Coral Gables, FL 33134, (305) 444-5925, or by accessing the Court docket in this case in person at the Clerk's office at the following address: U.S. District Court for the District of Columbia, 333 Constitution Ave. NW, Washington, D.C. 20001.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| 2. What is a class action lawsuit? |
| --- |

In a class action, a "Representative Plaintiff" (in this case, Darrell Rogers) sued on behalf of a group of people who have similar claims. In this case and under this Settlement, these people are together called a "Settlement Class" or "Settlement Class Members." In a class action, the court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| 3. What is this lawsuit about? |
| --- |

The lawsuit alleges that the Defendants violated the Telephone Consumer Protection Act by using an automatic telephone dialing system, an artificial voice, or a prerecorded voice when they (or a third party on Defendants' behalf) called Plaintiff and the putative class members in order to promote their solar energy business without obtaining prior express written consent; or by calling Plaintiff and other putative class members that are registered with the National Do-Not-Call Registry at least 30 days prior to being contacted more than once within a 12-month period to promote their solar energy business without obtaining the requisite do-not-call permission.

Defendants deny the allegations and maintain that they have strong, meritorious defenses to the claims. The Settlement is not an admission of, and does not establish any, wrongdoing by Defendants. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

More information about the complaint in the lawsuit and the Defendant's answer can be found in the "Court Documents" section of the Settlement website at [insert website].

| 4. Why is there a Settlement? |
| --- |

The Court has not decided whether the Representative Plaintiff or Defendants should win this case. Instead, both sides agreed to a Settlement. The Representative Plaintiff and his attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Settlement Class Members, because Settlement Class Members will get compensation now rather than, if at all, years from now, following litigation.

## WHO'S INCLUDED IN THE SETTLEMENT?

| 5. How do I know if I am in the Settlement Class? |
| --- |

The Court decided that this Settlement includes a Class of all persons within the United States who, between July 1, 2014 and the Preliminary Approval Date, had their telephone numbers called by third parties that marketed solar energy products and services on behalf of, or for the benefit of, Defendants, where:

> (1) The third-party initiated a call using an artificial voice, or a prerecorded voice, to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service or residential line; and (iii) where the third-party failed to obtain Prior Express Written Consent from those persons and entities called; or

> (2) The third-party initiated a call using an ATDS to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iii) where the third-party failed to obtain Prior Express Written Consent from those persons and entities called; or

> (3) The third-party initiated more than one call within a 12-month period (i) to persons and entities who were registered with the National Do-Not-Call Registry for at least 30 days prior to being called; (ii) encouraging the purchase or rental of property, goods, or services; (iii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iv) where the third-party failed to obtain Requisite Do-Not-Call Permission from those persons and entities called.

Everyone who fits this description, who is not excluded as per the above, is a member of the Settlement Class.

Excluded from the Settlement Class are Defendants, any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants and the immediate family members of such persons, the named counsel in this litigation, and any member of their office and/or firm.

Certain class members may have received a call from someone identifying themselves as being from "Smart Home Solar," followed by a call or home visit from a Vivint Solar salesperson after providing their contact information.

## THE SETTLEMENT BENEFITS

| **6. What does the Settlement provide?** |
| --- |

As part of the Settlement, Defendant has agreed to create a Settlement Fund of Nine Hundred Seventy-Five Thousand Dollars ($975,000). The Settlement Fund will be used to pay all valid claims, costs of administering the Settlement, attorneys' fees and costs, and an incentive payment to the Representative Plaintiff.

Under the Settlement Agreement, Settlement Class Members must request a payment by submitting a valid Claim Form (including by providing all of the information requested in the Claim Form) either by mail or online by the deadline to file claims. Further details are below.

## HOW TO GET BENEFITS

| **7. How do I make a claim?** |
| --- |

The Settlement creates a claims process. You can get the Claim Form on this website, [insert website], by clicking **here,** or by calling [insert KCC phone number] to request that a Claim Form be mailed to you. The Claim Form may be submitted online **here** or by U.S. Mail sent to [insert KCC address]. If you submit a valid Claim Form and your claim is approved, you will receive a payment from the Settlement. Only one claim may be submitted per person, and each person may receive only one payment.  If you choose to be paid by electronic payment, your Claim Form must be submitted online at the website address above.

The Claim Form requires you to provide your name, address, current telephone number, e-mail address, and the telephone number at which you received the calls(s). You must sign the Claim Form to certify that you are a member of the Settlement Class and provide all the requested information.

***All Claim Forms must be properly completed and submitted online (or postmarked if mailed) by [insert deadline to submit claims]*.**

| **8. How much will payment be?** |
| --- |

Each member of the Settlement Class who submits a valid, timely Claim Form will receive a *pro* rata share of the Settlement Fund, meaning an equal distribution of all funds remaining in the Settlement Fund, after payments are made to Class Counsel, the Named Representative, and the Clams Administrator.  Your share of the settlement will depend on the number of Claim Forms that Class

Members submit and other factors. Class Counsel estimates you will receive between approximately $40 and $100, but this is only an estimate.

You may receive your settlement payment via either electronic payment or U.S. mail.  If you choose to be paid by electronic payment, your Claim Form must be submitted online at the website address above.  If you wish to receive payment by check, a paper check will be sent to the postal address you submit on the Claim Form. Checks may be deposited into a bank account or cashed at a bank by the expiration date on the check (180 days after the issuance date stated on the check); after a check expires, it may no longer be deposited or cashed.

| **9. When will I get my payment?** |
|---|

The hearing to consider the final fairness of the Settlement is scheduled for [insert date]. If the Court approves the Settlement, and after any appeals process is completed, payment will be sent to eligible Settlement Class Members whose claims were approved by the Settlement Administrator. If final approval of the Settlement is granted, payments will be issued no later than 30 days after any timely appeals have been resolved and the Settlement is final. Please be patient.

## THE LAWYERS REPRESENTING YOU

| **11.  Do I have a lawyer in this case?** |
|---|

Yes, the Court has appointed lawyers Shawn Heller of the Social Justice Law Collective and Richard Bennett and Peter Bennett of the Bennett & Bennett law firm as the attorneys to represent you and other Settlement Class Members. These attorneys are called "Class Counsel."  Contact information for Class Counsel is as follows:

Shawn A. Heller, Esq.
shawn@sjlawcollective.com
Social Justice Law Collective, PL
974 Howard Avenue
Dunedin, Florida 34698
Tel: (202) 709-5744

Richard Bennett
Richardbennett27@gmail.com
Bennett & Bennett
1200 Anastasia Ave., Office # 360
Coral Gables, Florida 33134
Tel: (305) 444-5925

| **11.  Should I get my own lawyer?** |
|---|

You do not need to hire your own lawyer. Class Counsel is working on your behalf. However, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask your lawyer to appear in Court for you, at your own expense, if you want someone other than Class Counsel to represent you.

**12. How will the lawyers be paid?**

Subject to final approval by the Court and pursuant to the Parties' Agreement, Plaintiff has requested that the Court award the Representative Plaintiff $20,000 from the Settlement Fund as compensation for his role as Class Representative, and has requested attorneys' fees equal to one-third of the Settlement Fund ($325,000), subject to final approval by the Court.

## YOUR RIGHTS AND OPTIONS

**13. What happens if I do nothing?**

If you do nothing, you will receive no payment under the Settlement, you will remain in the Settlement Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. Also, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

By doing nothing, you will be releasing Defendants from any future claim brought by you relating to this Settlement. Unless you exclude yourself, you are "releasing" the claims, regardless of whether you submit a Claim Form or not.

**14. What happens if I ask to be excluded?**

If you do not want to participate in this Settlement, or you want to keep the right to sue or continue to sue Defendants on your own, then you must take steps to opt out of the Settlement. This is called "excluding yourself" or "opting out" of the Settlement.

If you exclude yourself from the Settlement, you cannot receive any benefits as a result of the Settlement. You will keep your right to bring your own separate lawsuit against the Defendants for the claims resolved in this Settlement. You will not be legally bound by the Court's judgments related to the Settlement Class in this class action.

**15. How do I ask to be excluded?**

You can ask to be excluded from the Settlement. To do so, you must send a letter clearly stating that you want to be excluded from the Settlement in *Darrell Rogers, et al. v. Vivint Solar, Inc., et al.*, No. 1:18-cv-01567. Your letter must also include your name, address, your current phone number, and the phone number that you contend you received the call(s) on, and your signature. You must mail your exclusion request no later than [insert deadline] to:

[Insert Settlement Administrator address]

You cannot exclude yourself on the phone or via email.

The Court will exclude from the Settlement Class any Settlement Class Member who timely requests exclusion.

---

**16.  If I don't exclude myself, can I sue the Defendants for the same thing later?**

---

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims being resolved by this Settlement.

---

**17.  If I exclude myself, can I get anything from this Settlement?**

---

No. If you exclude yourself, you may not submit a Claim Form to ask for a payment.  You will no longer be eligible to receive a benefit from the Settlement.

---

**18.  How do I object to the Settlement?**

---

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you can object to the Settlement if you do not like any part of it. You must give reasons why you think the Court should deny approval by filing an objection. You cannot ask the Court to order a larger or different settlement; the Court can only approve or deny the Settlement. If the Court denies approval, no settlement payments will be sent out, and the Lawsuit will continue. If that is what you want to happen, you must object in writing. The Court will consider your views. Your objection and supporting papers must include:

1. A caption or title that identifies it as "Objection to Class Settlement in *Darrell Rogers, et al. v. Vivint Solar, Inc., et al.*, No. 1:18-cv-01567";

2. Your full name, address, and telephone number;

3. The name, address, and telephone number of any attorney representing you with respect to the objection;

4. A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class.

5. The specific factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for your standing as a Settlement Class Member, including the date(s) and phone number(s) at which you received the call(s) covered by this Settlement; and

6. The case name, case number, and court for any prior class action lawsuit in which you and your attorney (if applicable) have objected to a proposed class action settlement.

Your written objection must be signed and dated and postmarked no later than [deadline].  You must mail your objection to the Court, Class Counsel, and Defense Counsel to the following addresses:

[insert address]

If, in addition to submitting a written objection to the Settlement, you wish to appear and be heard at the Final Approval Hearing on the fairness of the Settlement, you must file by [insert deadline] a notice of intention to appear with the Court and list the name, address, and telephone number of the attorney, if any, who will appear on your behalf.

**19. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class (i.e., you do not exclude yourself from the Settlement). Excluding yourself from the Settlement Class is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL FAIRNESS HEARING

**20. When and where will the Court hold a hearing on the fairness of the Settlement?**

A Final Approval Hearing has been set for [insert date and time and courtroom] at the United States District Court for the District of Columbia, 333 Constitution Ave. NW, Washington, D.C. 20007.  At the hearing, the Court will hear any objections, and arguments concerning the fairness of the proposed Settlement, including the final payments to class members, administration costs, and requests for attorneys' fees and an incentive award to the named Plaintiff.  The Court will issue its decision after the hearing.  We do not know how long it will take for the Court to decide.

**Note:** The date and time of the fairness hearing are subject to change by Court Order, but any changes will be posted at the Settlement website, [insert address].  If, however, you timely object to the Settlement and advise the Court that you intend to appear and speak at the Hearing, you will receive a notice of any change in the date of such hearing.

**21. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have that are directed to the Settlement Class, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay another lawyer to attend, but you do not have to. If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement by asking to speak about your objection, filed by following the instructions above in section 18.

## GETTING MORE INFORMATION

**22. Where can I get additional information?**

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at [insert website], by contacting the Settlement Administrator at [insert phone number], by contacting Class Counsel  Shawn Heller at Social Justice Law Collective, 974 Howard Avenue, Dunedin, FL 34698, (202) 709-5744 or Richard Bennett at Bennett & Bennett, 1200 Anastasia Ave, #360, Coral Gables, FL 33134, (305) 444-5925 or by accessing the Court docket in this case in person at the Clerk's office at 333 Constitution Ave. NW, Washington, D.C. 20007.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROGERS, individually,
and on behalf of all others similarly situated,

      Plaintiff,

vs.                               Case No. 1:18-cv-01567

VIVINT SOLAR, INC., *et al.*,

      Defendants.

_____/

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND
AUTHORIZING NOTICE TO THE SETTLEMENT CLASS**

This matter coming before the Court on the Parties' "Joint Motion for Preliminary Approval of Class Action Settlement and incorporated Memorandum of Law" (the "Joint Motion"), and after review and consideration of the Settlement Agreement, and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Joint Motion, including all exhibits thereto, is preliminarily approved for the purposes of settlement. The Court finds that the terms of the Settlement Agreement are fair, reasonable and adequate, and well within the range of reasonableness for preliminary settlement approval. The Court finds that the settlement is in the best interests of the Settlement Class in light of the factual, practical, legal and procedural questions raised by this case.

2.      By stipulation of the parties, and pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court conditionally certifies the following Settlement Class, for settlement purposes only:

**Exhibit D**

All persons and entities whose telephone numbers were called by third parties that marketed solar energy products and services on behalf or for the benefit of Defendants on or after July 1, 2014 where:

    (1) The third-party initiated a call using an artificial voice, or a prerecorded voice, to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service or residential line; and (iii) where the third-party failed to obtain Prior Express Written Consent from those persons and entities called; or

    (2) The third-party initiated a call using an ATDS to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iii) where the third-party failed to obtain Prior Express Written Consent from those persons and entities called; or

    (3) The third-party initiated more than one call within a 12-month period (i) to persons and entities who were registered with the National Do-Not-Call Registry for at least 30 days prior to being called; (ii) encouraging the purchase or rental of property, goods, or services; (iii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iv) where the third-party failed to obtain Requisite Do-Not-Call Permission from those persons and entities called.

Excluded from the Settlement Class are Defendants, any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants and the immediate family members of such persons, the named counsel in this litigation, and any member of their office and/or firm.

The Parties have expressly agreed to this Settlement Class definition for settlement purposes.

    3.    The Court finds that this conditional class certification is appropriate because (a) the Settlement Class is so numerous that joinder of all members is impractical, (b) there

are common questions of law and fact that predominate over any questions affecting only individual class members, (c) Plaintiff's claims are typical of the claims of the class, and (d) Plaintiff and his counsel will fairly and adequately protect the interests of the Settlement Class, and (e) a class action is the superior method for resolving this controversy, given the nature and small size of the class members' individual claims and their lack of interest in individually controlling the prosecution of separate actions, and that resolution on a class wide basis will promote judicial economy and efficiency.

4.      The Court further finds that this conditional class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3), because questions of law and/or fact common to members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

5.      The Court appoints Darrell Rogers ("Plaintiff"), as the "Class Representative" for the Settlement Class, and appoints Plaintiff's attorneys (Richard Bennett and Peter Bennett of Bennett & Bennett, and Shawn A. Heller of the Social Justice Law Collective, PL) as "Class Counsel" for the Settlement Class.

6.      In compliance with the Class Action Fairness Act 28 U.S.C. § 1715, Defendants shall serve written notice of the proposed settlement on the U.S. Attorney General and the state Attorney General for the District of Columbia.

7.      The Settlement Agreement is incorporated by reference into this Order and is hereby preliminarily adopted as an Order of this Court.

8.      The Settlement Agreement proposes notice to the Settlement Class in the form of Exhibit 1-B ("Postcard Notice") and 1-C ("Long Form Notice") attached to the Joint

Motion, and will give notice of the settlement to Settlement Class members through both nationwide media and publication notice as well as direct notice that will be sent by first-class U.S. Mail to those identifiable from records obtained in discovery.

9.     With regards to direct notice, the Settlement Administrator shall send the Class Notice on a postcard by U.S. Mail to those approximately 112,000 Settlement Class members for whom the Parties' records presently contain a corresponding address, as well as those Settlement Class members whose address the Settlement Administrator is able to identify through a "Reverse Append" address look-up of their telephone number and comparison with the U.S. Post Office's National Change of Address database.   The Class Notice shall contain a proof of claim form to be returned by Settlement Class members in order to qualify for payment, directs Settlement Class members to a website application where they can alternatively submit a proof of claim form in order to qualify for payment, and provides contact information for toll-free customer service support.

10.    With regards to media and publication notice, the Settlement Administrator shall supplement the direct notice described above with Internet banner ads that target adults, age 18 and over, nationwide on both desktop and mobile devices via the Google Display Network and the social media platform Facebook.  The Settlement Agreement provides that these ads will run for a one-month period, and are targeted to generate 340 million impressions, sufficient to achieve notice reach to over 70% of potential Settlement Class members.  The Settlement Administrator shall further send an informational press release at the beginning of the media outreach campaign to local, national, and syndicated news organizations, delivering information regarding the settlement to numerous print, broadcast, and online press outlets, and establish a settlement website with downloadable case

documents, including the detailed notice, online claims filing, frequently asked questions with responses, contact information for Class Counsel and KCC, and other pertinent information.

11.  The Court finds that the manner and substance of the proposed Class Notice is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class members of the pendency of this action and their right to object or to exclude themselves from the Settlement Class.  The Court further finds that the proposed Class Notice, in the form of Exhibit 1-B ("Postcard Notice") and 1-C ("Long Form Notice") attached to the Joint Motion, is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it satisfies the requirements of due process and Federal Rule of Civil Procedure 23.  The plan is thus approved and adopted.  The Court orders that the Parties provide the Class Notice to the Settlement Class within thirty (30) days following entry of this Order, in the manner, form and substance as proposed by the Parties in the Settlement Agreement.

12.  The Settlement Agreement proposes providing a Claim Form in conjunction with the Class Notice to the Settlement Class in the form of Exhibit 1-A attached to the Joint Motion.  The claim form submitted by each class member must include the claimant's name, address, current telephone number, e-mail address, and the telephone number at which the claimant received the call(s) that are the subject of the case. Failure to include the required information on the Claim Form shall result in the claimant receiving no monetary payment from the Settlement Fund. Any member of the Settlement Class who does not submit a Claim Form by the Claims Due Date, as shown by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund. The Parties may

review the claim forms and may make objections thereto. The Court thus approves the Claim Form in the form of Exhibit 1-A to the Joint Motion.

13.     The Court preliminarily appoints Kurtzman Carson Consultants as the Settlement Administrator, which shall provide notice and administer the settlement in accordance with the terms and conditions of the Settlement Agreement and this Order.

14.     All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement.

15.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

16.     The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a)     Requests by any Settlement Class member to opt out of the settlement must be filed on or before _____, 20___, or be forever barred. The Court shall rule on all requests for exclusion on _____, 20___;

(b)     Any objections or motions to intervene shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before _____, 20___, or be forever barred;

(c)     Memoranda regarding any objection or motion to intervene at the Final Fairness Hearing must be filed in this Court, and postmarked and served on

Class Counsel and Defendant's counsel on or before _____,

20\_\_, or be forever barred; and

(d)      The Parties' Joint Motion for Final Approval must be filed on or

before_____, 20\_\_\_.

17.      The Final Fairness Hearing, identified in the Class Notice, is hereby scheduled

for _____, 2019, at _____ am/pm, in Room _____, to

determine whether the Settlement Agreement is fair, reasonable and adequate and should be

approved.


**IT IS SO ORDERED**


Dated: _____                    _____

                                                                          Hon. Trevor N. McFadden

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROGERS, individually,
and on behalf of all others similarly situated,

     Plaintiff,

vs.                                  Case No. 1:18-cv-01567

VIVINT SOLAR, INC., *et al.*,

     Defendants.

_____/

## FINAL APPROVAL ORDER

This matter coming before the Court on the Parties' Joint Motion for Final Approval of the Class Action Settlement, due notice given, the Parties appearing through counsel, and the Court fully advised in the premises, IT IS HEREBY ORDERED:

1.     This Court has jurisdiction over plaintiff, Darrell Rogers ("Plaintiff"), Defendants, Vivint Solar, Inc., Vivint Solar Holdings, Inc., and Vivint Solar Developer, LLC ("Defendants"), each of their counsel, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.     Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the settlement of this action, as embodied in the terms of the Settlement Agreement, Dkt. [INSERT], is hereby finally approved as a fair, reasonable, and adequate settlement of this case, and in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations presented in this case.

3.     The "Settlement Class" is defined as follows:

> All persons and entities whose telephone numbers were called by third parties that marketed solar energy products and services on behalf or for the benefit of Defendants on or after July 1, 2014 until

Exhibit E

the date of Preliminary Approval where:

(1) The third-party initiated a call using an artificial voice, or a prerecorded voice, to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service or residential line; and (iii) where the third-party failed to obtain Prior Express Written Consent from those persons and entities called; or

(2) The third-party initiated a call using an ATDS to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iii) where the third-party failed to obtain Prior Express Written Consent from those persons and entities called; or

(3) The third-party initiated more than one call within a 12-month period (i) to persons and entities who were registered with the National Do-Not-Call Registry for at least 30 days prior to being called; (ii) encouraging the purchase or rental of property, goods, or services; (iii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iv) where the third-party failed to obtain Requisite Do-Not-Call Permission from those persons and entities called.

The calls referenced in the class definition shall be collectively referred to as "Covered Calls."

Excluded from the Settlement Class are Defendants, any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants and the immediate family members of such persons, the named counsel in this litigation, and any member of their office and/or firm.

The Parties have expressly agreed to this Settlement Class definition for settlement purposes.

4.      The Court finds that the Class Notice that was given to members of the Settlement Class in this action was the best notice practicable under the circumstances, was reasonably calculated to apprise Settlement Class members of the pendency of this action and their right to object or to exclude themselves from the settlement class, and satisfied the requirements of due process and Federal Rule of Civil Procedure 23.

5.      The Court finds that notice was given by Defendant to the U. S. Attorney General and the Attorney General of the District of Columbia, in accordance with the Class Action Fairness Act 28 U.S.C. § 1715.

6.      ___ objections was/were received and ___ parties appeared in Court at the fairness hearing to object to the settlement.  All objections are overruled.

7.      ___ persons validly opted out of the Settlement Class and the Settlement.

8.      The Court finds that the Settlement is fair, adequate, and reasonable, after due consideration of the uncertainty of the class's success on the merits of the claims; the range of their possible recovery; the complexity, expense and duration of the litigation; the lack of opposition to the settlement; the state of proceedings at which the settlement was achieved; the written submissions, affidavits, and arguments of counsel; the notice; and the hearing. This Court also finds that the financial terms of the Settlement fall within the range of settlement terms that would be considered fair, adequate and reasonable.  Accordingly, the Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including all members of the Settlement Class.  Each member of the Settlement Class, including any person or entity claiming by or through him, her, or it, but except for those who have previously excluded themselves in accordance with

the terms of the Settlement Agreement, shall be bound by the Settlement Agreement, including being subject to the release set forth in said Settlement Agreement.

9.      Defendants have made available $975,000 (the "Settlement Fund") that will be used to make class member claimant payments, and pay notice and administration costs, attorneys' fees, costs, and expenses, and an incentive award to the named plaintiff.

10.     As the parties agreed in the Settlement Agreement, each member of the Settlement Class who submitted a timely and valid Claim Form shall be paid a *pro rata* distribution of all amounts remaining in the Settlement Fund, after the deduction of fees and costs.

11.     The Court approves Class Counsel's attorneys' fees in the total amount of $325,000, an amount equivalent to 1/3 of the Settlement Fund, and their out-of-pocket expenses (INSERT).   The Count finds the amount of Class Counsel's attorneys' fees and expenses to be reasonable under the circumstances of this case. This amount shall be paid exclusively from the Settlement Fund pursuant to the Parties' Agreement.

12.     The Court approves a $20,000.00 incentive award to Plaintiff for serving as the Class Representative.   This amount shall be paid exclusively from the Settlement Fund pursuant to the Parties' Agreement.

13.     The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.   The Parties to the Settlement Agreement shall carry out their respective obligations as agreed upon in the Settlement Agreement.

14.     This action, including all claims against Defendants asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendants, are hereby dismissed with prejudice.

15.     All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her, or it brought in this Court or any other forum (other than persons who have properly opted out of the Settlement) are barred pursuant to the releases set forth in the Settlement Agreement.  All persons and entities are enjoined from instituting, either directly or indirectly, any action against Defendants in this Court or in any other court or forum, asserting any claims that are being settled or released herein.

16.     The Court retains continuing jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Defendants, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement. The Court further retains jurisdiction to enforce this Order.

17.     The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.


**IT IS SO ORDERED**



Dated: _____          _____

                                        Judge Trevor N. McFadden