UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROGERS, individually,
and on behalf of all others similarly situated,

    Plaintiff,

vs.                                                                 Case No. 1:18-cv-01567

VIVINT SOLAR, INC., *et al.*,

    Defendants.
_____/

**JOINT MOTION TO MODIFY THE COURT'S
ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

The Parties, by and through undersigned counsel, hereby respectfully move the Court to modify its Order Preliminarily Approving Class Action Settlement and Authorizing Notice to the Settlement Class (D.E. 31) ("Preliminary Approval Order"), in order to (1) extend the length of time of the Parties' media and publication notice plan, from 30 days to 60 days, as a result of a scrivener's error in the Parties' previously filed Joint Motion for Preliminary Approval of Class Action Settlement (D.E. 29) and attached Settlement Agreement (D.E. 29-1); (2) extend the claims deadline from 60 days after the Notice Date, to 75 days after the Notice Date, in order to accommodate the expanded media notice program; and (3) correct the number of individuals to receive direct notice, after the Settlement Administrator has accounted for duplicate entries in the Parties' records.  In support thereof, the Parties state:

1)    On November 5, 2019, the Parties filed their Joint Motion for Preliminary Approval of Class Action Settlement (D.E. 29).  In the Joint Motion, the Parties summarized the Notice Plan agreed to in the attached Settlement Agreement (D.E. 29-1), which included both

direct notice to those class members identifiable from records obtained in discovery, as well as a robust nationwide media and publication notice program. *See* D.E. 29 at pp. 8-9.

2) Although the Parties had previously agreed in principle to a two-month media and publication notice program, in the Joint Motion, the Parties erroneously noted that the media and publication notice program would only run for a one-month period. *See id*. Additionally, the Parties represented that direct notice via postcard would be provided to each of the 112,000 Settlement Class members that had been successfully identified from records obtained throughout discovery. *See id*.

3) On November 8, 2019, this Court granted preliminary approval of the Parties' proposed class action settlement. *See* D.E. 31. In its Preliminary Approval Order, the Court, correctly reflecting the Parties' joint submission, noted that the Parties' media and publication notice program would run for a one-month period. *See id*. at ¶ 10. With regards to direct notice, the Court similarly ordered that the Settlement Administrator send the Class Notice on a postcard to those approximately 112,000 Settlement Class members identified from the Parties' records. *See id*. at ¶ 9.

4) Subsequent to the Court's Preliminary Approval Order, the Parties began to discuss the details of the Court's Preliminary Approval Order with the Settlement Administrator. During this conversation, the Parties first became aware that they had erroneously noted that the media and publication notice program would only run for a one-month period, as opposed to a two-month period, as had been the Parties' mutual intent. The Settlement Administrator further informed the Parties that, after accounting for duplicates in the Parties' records, direct notice would be sent to approximately 66,000 unique individuals.

5) As such, the Parties respectfully request that the Court modify its Preliminary Approval Order, to correctly reflect that the Parties' media and publication notice plan will run for a two-month period, and that direct notice shall be sent to the approximately 66,000 unique Settlement Class members for whom the Parties' records presently contain a unique corresponding address. In order to provide potential class members with a sufficient amount of time to submit claims after the conclusion of the expanded two-month media and publication notice plan, the Parties further respectfully request that the Court modify its Preliminary Approval Order to extend the claims deadline from 60 days after the Notice Date, to 75 days after the Notice Date.

6) This joint motion is made in good faith, is not for the purposes of delay, and will not prejudice any party. Other than the minor modifications listed above – limited to paragraphs 9 and 10 of the Court's Preliminary Approval Order - this request should not necessitate the extension of any other dates or deadlines in the Court's Preliminary Approval Order, including the Final Fairness Hearing currently scheduled for April 17, 2020, and the Parties submit that they will still be able to initiate both phases of its Notice Plan (i.e., direct and media/publication) by December 9, 2019, within thirty (30) days of the Court's originally filed Preliminary Approval Order.

7) The Parties have attached a corrected copy of their Settlement Agreement as Exhibit 1 to this Motion for the Court's convenience.

WHEREFORE, for all of the foregoing reasons, the Parties respectfully move the Court to modify its Order Preliminarily Approving Class Action Settlement and Authorizing Notice to the Settlement Class (D.E. 31), in order to (1) extend the length of time of the Parties' media and publication notice plan, from 30 days to 60 days, as a result of a scrivener's error in the Parties'

previously filed Joint Motion for Preliminary Approval of Class Action Settlement (D.E. 29) and attached Settlement Agreement (D.E. 29-1); (2) extend the claims deadline from 60 days after the Notice Date, to 75 days after the Notice Date, in order to accommodate the expanded media notice program; and (3) correct the number of individuals to receive direct notice, after the Settlement Administrator has accounted for duplicate entries in the Parties' records.

        Respectfully submitted:

        Shawn A. Heller, Esq.
        D.C. Bar No. 985899
        shawn@sjlawcollective.com
        Social Justice Law Collective, PL
        974 Howard Avenue
        Dunedin, Florida  34698
        Tel:  (202) 709-5744

        Peter Bennett
        D.C. Bar No. 1016919
        peterbennettlaw@gmail.com
        Richard Bennett, Esq.
        Florida Bar No. 150627
        Richardbennett27@gmail.com
        Bennett & Bennett
        1200 Anastasia Ave., Ofc 360
        Coral Gables, Florida 33134
        Tel:  (305) 444-5925

        *Attorneys for Plaintiff*

        By:  /s/ *Shawn A. Heller*
              Shawn A. Heller

        Steven A. Augustino
        D.C. Bar No. 439987
        KELLEY DRYE & WARREN LLP
        3050 K Street, NW, Suite 400
        Washington, D.C. 20007
        Telephone: (202) 342-8400
        Fax: (202) 342-8451
        Email: saugustino@kelleydrye.com

Email: bstern@kelleydrye.com

Lisa A. Messner
D.C. Bar No. OH0039
Mac Murray & Shuster, LLP
6530 West Campus Oval, Ste. 210
New Albany, Ohio 43054
Telephone: (614) 939-9955
Fax: (614) 939-9954
Email: lmessner@mslawgroup.com

Attorneys for Defendants

By: *s/ Steven A. Augustino*
      Steven A. Augustino

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on this 27th day of November, 2019, which will send a notice of electronic filing to all attorneys of record.

By: */s/ Shawn A. Heller*
      Shawn A. Heller, Esq.