UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRELL ROGERS, individually,
and on behalf of all others similarly situated,

    Plaintiff,

vs.                                                  Case No. 1:18-cv-01567

VIVINT SOLAR, INC., *et al.*,

    Defendants.

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND AUTHORIZING NOTICE TO THE SETTLEMENT CLASS

[*UPDATED*]

This matter coming before the Court on the Parties' "Joint Motion for Preliminary Approval of Class Action Settlement and incorporated Memorandum of Law" (the "Joint Motion"), and after review and consideration of the Settlement Agreement, and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

    1.    Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Joint Motion, including all exhibits thereto, is preliminarily approved for the purposes of settlement. The Court finds that the terms of the Settlement Agreement are fair, reasonable and adequate, and well within the range of reasonableness for preliminary settlement approval. The Court finds that the settlement is in the best interests of the Settlement Class in light of the factual, practical, legal and procedural questions raised by this case.

    2.    By stipulation of the parties, and pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court conditionally certifies the following Settlement Class, for settlement purposes only:

All persons and entities whose telephone numbers were called by third parties that marketed solar energy products and services on behalf or for the benefit of Defendants on or after July 1, 2014 where:

(1) The third-party initiated a call using an artificial voice, or a prerecorded voice, to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service or residential line; and (iii) where the third-party failed to obtain Prior Express Written Consent from those persons and entities called; or

(2) The third-party initiated a call using an ATDS to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iii) where the third-party failed to obtain Prior Express Written Consent from those persons and entities called; or

(3) The third-party initiated more than one call within a 12-month period (i) to persons and entities who were registered with the National Do-Not-Call Registry for at least 30 days prior to being called; (ii) encouraging the purchase or rental of property, goods, or services; (iii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iv) where the third-party failed to obtain Requisite Do-Not-Call Permission from those persons and entities called.

Excluded from the Settlement Class are Defendants, any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants and the immediate family members of such persons, the named counsel in this litigation, and any member of their office and/or firm.

The Parties have expressly agreed to this Settlement Class definition for settlement purposes.

3. The Court finds that this conditional class certification is appropriate because (a) the Settlement Class is so numerous that joinder of all members is impractical, (b) there

are common questions of law and fact that predominate over any questions affecting only individual class members, (c) Plaintiff's claims are typical of the claims of the class, and (d) Plaintiff and his counsel will fairly and adequately protect the interests of the Settlement Class, and (e) a class action is the superior method for resolving this controversy, given the nature and small size of the class members' individual claims and their lack of interest in individually controlling the prosecution of separate actions, and that resolution on a class wide basis will promote judicial economy and efficiency.

4. The Court further finds that this conditional class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3), because questions of law and/or fact common to members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

5. The Court appoints Darrell Rogers ("Plaintiff"), as the "Class Representative" for the Settlement Class, and appoints Plaintiff's attorneys (Richard Bennett and Peter Bennett of Bennett & Bennett, and Shawn A. Heller of the Social Justice Law Collective, PL) as "Class Counsel" for the Settlement Class.

6. In compliance with the Class Action Fairness Act 28 U.S.C. § 1715, Defendants shall serve written notice of the proposed settlement on the U.S. Attorney General and the state Attorney General for the District of Columbia.

7. The Settlement Agreement is incorporated by reference into this Order and is hereby preliminarily adopted as an Order of this Court.

8. The Settlement Agreement proposes notice to the Settlement Class in the form of Exhibit 1-B ("Postcard Notice") and 1-C ("Long Form Notice") attached to the Joint

Motion, and will give notice of the settlement to Settlement Class members through both nationwide media and publication notice as well as direct notice that will be sent by first-class U.S. Mail to those identifiable from records obtained in discovery.

9. With regards to direct notice, the Settlement Administrator shall send the Class Notice on a postcard by U.S. Mail to those approximately ~~112,000~~ 66,000 Settlement Class members for whom the Parties' records presently contain a corresponding address, as well as those Settlement Class members whose address the Settlement Administrator is able to identify through a "Reverse Append" address look-up of their telephone number and comparison with the U.S. Post Office's National Change of Address database. The Class Notice shall contain a proof of claim form to be returned by Settlement Class members in order to qualify for payment, directs Settlement Class members to a website application where they can alternatively submit a proof of claim form in order to qualify for payment, and provides contact information for toll-free customer service support. *SH* *SAA*

10. With regards to media and publication notice, the Settlement Administrator shall supplement the direct notice described above with Internet banner ads that target adults, age 18 and over, nationwide on both desktop and mobile devices via the Google Display Network and the social media platform Facebook. The Settlement Agreement provides that these ads will run for a ~~one~~ two-month period, and are targeted to generate 340 million impressions, sufficient to achieve notice reach to over 70% of potential Settlement Class members. The Settlement Administrator shall further send an informational press release at the beginning of the media outreach campaign to local, national, and syndicated news organizations, delivering information regarding the settlement to numerous print, broadcast, and online press outlets, and establish a settlement website with downloadable case *SH* *SAA*

documents, including the detailed notice, online claims filing, frequently asked questions with responses, contact information for Class Counsel and KCC, and other pertinent information.

11. The Court finds that the manner and substance of the proposed Class Notice is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class members of the pendency of this action and their right to object or to exclude themselves from the Settlement Class. The Court further finds that the proposed Class Notice, in the form of Exhibit 1-B ("Postcard Notice") and 1-C ("Long Form Notice") attached to the Joint Motion, is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it satisfies the requirements of due process and Federal Rule of Civil Procedure 23. The plan is thus approved and adopted. The Court orders that the Parties provide the Class Notice to the Settlement Class within thirty (30) days following entry of this Order, in the manner, form and substance as proposed by the Parties in the Settlement Agreement.

12. The Settlement Agreement proposes providing a Claim Form in conjunction with the Class Notice to the Settlement Class in the form of Exhibit 1-A attached to the Joint Motion. The claim form submitted by each class member must include the claimant's name, address, current telephone number, e-mail address, and the telephone number at which the claimant received the call(s) that are the subject of the case. Failure to include the required information on the Claim Form shall result in the claimant receiving no monetary payment from the Settlement Fund. Any member of the Settlement Class who does not submit a Claim Form by the Claims Due Date, as shown by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund. The Parties may

review the claim forms and may make objections thereto. The Court thus approves the Claim Form in the form of Exhibit 1-A to the Joint Motion.

13. The Court preliminarily appoints Kurtzman Carson Consultants as the Settlement Administrator, which shall provide notice and administer the settlement in accordance with the terms and conditions of the Settlement Agreement and this Order.

14. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement.

15. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

16. The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a) Requests by any Settlement Class member to opt out of the settlement must be filed on or before __March 9__, 20_20_, or be forever barred. The Court shall rule on all requests for exclusion on __March 19__, 20_20_;

(b) Any objections or motions to intervene shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before __March 30__, 20_20_, or be forever barred;

(c) Memoranda regarding any objection or motion to intervene at the Final Fairness Hearing must be filed in this Court, and postmarked and served on

Class Counsel and Defendant's counsel on or before __April 13__, 20__20__, or be forever barred; and

(d) The Parties' Joint Motion for Final Approval must be filed on or before __April 27__, 20__20__.

17. The Final Fairness Hearing, identified in the Class Notice, is hereby scheduled for __May 12__, 20~~19~~ __20__ at __10:00__ am/~~pm~~, in ~~Room~~ __Courtroom 2__, to determine whether the Settlement Agreement is fair, reasonable and adequate and should be approved.

**IT IS SO ORDERED**

Dated: __12/2/19__

_____
Hon. Trevor N. McFadden