UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DARRELL ROGERS**, *individually,*
*and on behalf of all others similarly situated*,

    Plaintiff,

    v.

**VIVINT SOLAR, INC.**, *et al.*,

    Defendants.

Case No. 1:18-cv-01567 (TNM)

## FINAL APPROVAL ORDER

This matter coming before the Court on the Parties' Joint Motion for Final Approval of the Class Action Settlement, due notice given, the Parties appearing through counsel, and the Court fully advised in the premises, it is hereby ORDERED:

1. This Court has jurisdiction over Plaintiff Darrell Rogers ("Plaintiff"), Defendants Vivint Solar, Inc., Vivint Solar Holdings, Inc., and Vivint Solar Developer, LLC ("Defendants"), the members of the Settlement Class, and the claims asserted in this lawsuit.

2. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the settlement of this action, as embodied in the terms of the Settlement Agreement, ECF No. 32-1, is hereby finally approved as a fair, reasonable, and adequate settlement of this case, and in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations presented in this case.

3. The "Settlement Class" is defined as follows:

> All persons and entities whose telephone numbers were called by third parties that marketed solar energy products and services on behalf or for the benefit of Defendants on or after July 1, 2014 until the date of Preliminary Approval where:

(1) The third-party initiated a call using an artificial voice, or a prerecorded voice, to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service or residential line; and (iii) where the third-party failed to obtain Prior Express Written Consent from those persons and entities called; or

(2) The third-party initiated a call using an ATDS to (i) advertise the commercial availability or quality of any property, goods, or services; or encourage the purchase or rental of property, goods, or services; (ii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iii) where the third-party failed to obtain Prior Express Written Consent from those persons and entities called; or

(3) The third-party initiated more than one call within a 12-month period (i) to persons and entities who were registered with the National Do-Not-Call Registry for at least 30 days prior to being called; (ii) encouraging the purchase or rental of property, goods, or services; (iii) where such persons' and entities' telephone numbers were assigned to a cellular phone service; and (iv) where the third-party failed to obtain Requisite Do-Not-Call Permission from those persons and entities called.

The calls referenced in the class definition shall be collectively referred to as "Covered Calls."

Excluded from the Settlement Class are Defendants, any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants and the immediate family members of such persons, the named counsel in this litigation, and any member of their office and/or firm.

The Parties have expressly agreed to this Settlement Class definition for settlement purposes.

4. The Court finds that the Class Notice that was given to members of the Settlement Class in this action was the best notice practicable under the circumstances, was

reasonably calculated to apprise Settlement Class members of the pendency of this action and their right to object or to exclude themselves from the settlement class, and satisfied the requirements of due process and Federal Rule of Civil Procedure 23.

5. The Court finds that notice was given by Defendant to the U.S. Attorney General and the Attorney General of the District of Columbia, in accordance with the Class Action Fairness Act 28 U.S.C. § 1715.

6. The Court received zero objections and zero parties appeared before the Court at the fairness hearing to object to the settlement.

7. Two persons validly opted out of the Settlement Class and the Settlement.

8. The Court finds that the Settlement is fair, adequate, and reasonable, after due consideration of the uncertainty of the class's success on the merits of the claims; the range of their possible recovery; the complexity, expense and duration of the litigation; the lack of opposition to the settlement; the state of proceedings at which the settlement was achieved; the written submissions, affidavits, and arguments of counsel; the notice; and the hearing. This Court also finds that the financial terms of the Settlement fall within the range of settlement terms that would be considered fair, adequate and reasonable.  Accordingly, the Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties, including all members of the Settlement Class.  Each member of the Settlement Class, including any person or entity claiming by or through him, her, or it, but except for those who have previously excluded themselves in accordance with the terms of the Settlement Agreement, shall be bound by the Settlement Agreement, including being subject to the release set forth in said Settlement Agreement.

9. Defendants have made available $975,000 (the "Settlement Fund") that will be used to make class member claimant payments, and pay notice and administration costs, attorneys' fees, costs, and expenses, and an incentive award to the named plaintiff.

10. As the parties agreed in the Settlement Agreement, each member of the Settlement Class who submitted a timely and valid Claim Form shall be paid a *pro rata* distribution of all amounts remaining in the Settlement Fund, after the deduction of fees and costs.

11. The Court approves Class Counsel's attorneys' fees in the total amount of $325,000, an amount equivalent to 1/3 of the Settlement Fund, and their out-of-pocket expenses ($27,445.70). The Count finds the amount of Class Counsel's attorneys' fees and expenses to be reasonable under the circumstances of this case. This amount shall be paid exclusively from the Settlement Fund pursuant to the Parties' Agreement.

12. The Court approves a $20,000.00 incentive award to Plaintiff for serving as the Class Representative. This amount shall be paid exclusively from the Settlement Fund pursuant to the Parties' Agreement.

13. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here. The Parties to the Settlement Agreement shall carry out their respective obligations as agreed upon in the Settlement Agreement.

14. This action, including all claims against Defendants asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendants, are hereby dismissed with prejudice.

15. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her, or it brought in this Court or any other forum (other

than persons who have properly opted out of the Settlement) are barred pursuant to the releases set forth in the Settlement Agreement. All persons and entities are enjoined from instituting, either directly or indirectly, any action against Defendants in this Court or in any other court or forum, asserting any claims that are being settled or released herein.

16. The Court retains continuing jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Defendants, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement. The Court further retains jurisdiction to enforce this Order.

17. At the joint request of the Parties, the Court hereby delays the enforcement and effective date of this Final Approval Order and Judgment by thirty (30) days from the date of execution below.

**SO ORDERED.**

Dated: June 2, 2020

_____
TREVOR N. McFADDEN
United States District Judge